346 So.2d 84 (1977)
CITY OF HALLANDALE and Richard C. Fox, Acting Police Chief of the City of Hallandale, Appellants,
v.
Robert S. INGLIMA and Theodore Grandis, Appellees. (Two Cases)
Nos. 76-1323, 76-1672.
District Court of Appeal of Florida, Fourth District.
April 7, 1977.
As Modified May 20, 1977.
J.T. Frankenberger, Hallandale, and Hugh S. Glickstein, Sp. Counsel, Hollywood, for appellants.
L. Van Stillman of Roderman, Bass, Stillman & Goldenberg, Fort Lauderdale, for appellees.
DOWNEY, Judge.
We have for review by consolidated interlocutory appeals two orders of the circuit court granting injunctive relief to police officers pursuant to an action for injunctive relief and money damages for appellants' alleged violation of Chapter 112, Part VI, Florida Statutes (1975).
Appellees are two police officers of the City who received written notice on May 20, 1976, that they were dismissed from the department effective that date for activity which was specified in the notice. On June 16, 1976, appellees filed suit against the appellants City of Hallandale and its Chief of Police, alleging, among other things, that the appellants had violated Chapter 112, *85 Part VI, Florida Statutes (1975)[1], known as the Police Officers Bill of Rights, by failing (a) to give appellees notice of impending disciplinary action, and (b) to afford appellees a hearing before a Complaint Review Board, pursuant to Section 112.532(2), Florida Statutes (1975). Appellees sought injunctive relief to prohibit appellants from violating Section 112.532(4) and to require appellants to provide appellees notice and a hearing, pursuant to that section. In addition, appellees sought damages pursuant to Section 112.532(3).
Appellees immediately filed a "Motion for Temporary Relief as requested in the Complaint." After reviewing the complaint and hearing argument of counsel, the trial court entered a Temporary Restraining Order on June 21, 1976, which a) enjoined appellants from violating the rights of the appellees as defined in Chapter 112, Part VI, and b) ordered appellants to immediately reinstate the appellees and to pay appellees all wages which they "lost as a result of the improper suspension." The court did not require appellees to post any bond.
On June 23rd, appellants filed notice of interlocutory appeal from the order of June 21, 1976, which we review in Case No. 76-1323.
On or about July 27th appellees filed a motion for Injunctive Relief and Reinstatement in which they alleged the following material things: although the trial court had previously entered a temporary injunction requiring appellants to reinstate appellees with all back wages restored, they had not been reinstated; that instead appellants had filed an interlocutory appeal. That, pursuant to a request by appellees, a Complaint Review Board had been formed. After holding a hearing on July 12, 1976, the Board had found appellees not guilty on all charges and recommended their reinstatement. However, the City informed appellees that they "would not be reinstated notwithstanding the Board's determination and recommendation." Appellees' motion prayed for an injunction requiring reinstatement without loss of wages. On July 30th the court held a hearing based on the July 27th motion. At the end of the hearing the court on the same day, July 30th, entered the following order, which is the subject of Case No. 76-1672:

"ORDER FOR INJUNCTIVE RELIEF AND REINSTATEMENT
THIS CAUSE having come on to be heard upon the Motion for Injunctive Relief and Reinstatement filed by the Plaintiffs in this cause, and the Court having heard argument of counsel and being duly advised in the premises, it is thereupon
ORDERED AND ADJUDGED as follows:
1. That the Plaintiffs, ROBERT S. INGLIMA and THEODORE GRANDIS, having been provided with a hearing before a Complaint Review Board pursuant to Florida Statute 112.532(2), and the Complaint Review Board having unanimously found the Plaintiffs not guilty of the alleged charges and recommending immediate reinstatement, the court finds that the Complaint Review Board had before it competent, substantial evidence to support its findings and the Plaintiffs are therefore reinstated.
2. That the reinstatement shall be effective May 20, 1976, and from that date the Plaintiffs are entitled to receive all of their back pay and benefits which they would have received had they not been discharged.
3. Said reinstatement shall take place immediately."
Initially, we would again point out that this action was commenced to enforce appellees' rights as municipal police officers under Chapter 112, Part VI, Florida Statutes (1975). Appellees contended that they were entitled to notice of the intended disciplinary action prior to being dismissed. Section 112.532(4), clearly mandates such notice, and appellants violated appellees' rights by failing to comply with that mandate. However, the temporary injunction of June 21st was not justified because the complaint failed to show that irreparable *86 harm would result unless the injunction were entered. See cases cited at 17 Fla. Jur., Injunction, § 77. If the trial court upon final hearing finds that appellees were wrongfully dismissed and that they are entitled to reinstatement and payment of back wages, that relief can be fully afforded them at that time. However, the injunctive order entered June 21st, for all intents and purposes concluded all the issues raised in Count I of appellees' complaint. In addition, it was error to enter a temporary injunction in this case without requiring a bond. Fla.R.Civ.P. Rule 1.610(b), and see cases cited at 17 Fla.Jur., Injunctions, § 70. We therefore reverse the order of June 21, 1976.
We also hold that the order of July 30, 1976, which again ordered reinstatement and payment of back wages, was erroneous. The court entered that order while the first injunctive order providing substantially identical relief was the subject of the appeal in Case No. 76-1323. The trial court was therefore without jurisdiction to enter the second injunctive order.[2]DeLaPortilla v. DeLaPortilla, 304 So.2d 116 (Fla. 1974); Waltham A. Condominium Ass'n v. Village Manor, Inc., 330 So.2d 227 (Fla. 4th DCA 1976). Were it a valid order, the order of July 30th would have made the appeal from the June 21st order moot and would have had the effect of divesting this court of its appellate jurisdiction.
There is another reason for reversing the order of July 30th. That order was improper because it purported to be based upon a decision of a Complaint Review Board finding the appellees not guilty of the charges contained in their notices of dismissal. The court's order found the Board's decision was based upon substantial competent evidence. But as far as we can tell no evidence submitted before the Board was before the trial court. Even more importantly, nothing contained in Section 112.532(2) justified the trial court's entering the July 30th order solely on the basis of a proceeding before a Complaint Review Board. As pointed out by the Attorney General in 076-38 AGO, a decision of a Complaint Review Board established pursuant to Section 112.532(2), is not adjudicatory but advisory only. Also, once again, it was improper to enter the temporary injunction of July 30, 1976, without requiring appellees to post a bond.
Appellants have questioned the constitutionality of Chapter 112, Part VI, for the first time in this court. Since we reverse on other grounds, and a determination of the constitutionality of the chapter is unnecessary to our decision in the appeals, we need not answer the constitutional question. See, e.g. Singletary v. State, 322 So.2d 551 (Fla. 1975).
In view of the foregoing, we reverse both of the injunctive orders on appeal and remand the cause to the trial court with instructions to proceed to final hearing and a determination as to whether appellees are entitled to a) reinstatement, b) back pay and c) other damages alleged in Count II, after disposing of all pending motions.
REVERSED AND REMANDED.
CROSS and ALDERMAN, JJ., concur.

APPENDIX

 Chapter 112, Part VI, Florida Statutes (1975):
 PART VI
 LAW ENFORCEMENT OFFICERS
112.531 Definitions.
112.532 Law enforcement officers' rights.
112.533 Receipt and processing of complaints.
112.534 Failure to comply.
 112.531[1] Definitions.  As used in this act:
 (1) "Law enforcement officer" means any person, other than a
chief of police, employed full time by any municipality or this
state or any political subdivision thereof,

*87
whose primary responsibility is the prevention and detection of
crime or the enforcement of the penal, traffic, or highway laws
of this state.
 (2) "Employing agency" means any municipality or the state or
any political subdivision thereof which employs law enforcement
officers as defined above.
 (3)[2] "Board" means the Police Standards Board, or its
successor, as created by chapter 23, part IV.
 History.  s. 1, ch. 74-274; s. 1, ch. 75-41.
 [1] Note.  As amended, takes effect October 1, 1975.
 [2] Note.  Ch. 74-386 repealed part IV of ch. 23 and created
the Police Standards Training Commission (See s. 943.11).
 112.532 Law enforcement officers' rights.  All law
enforcement officers employed by any employing agency shall have
the following rights and privileges:
 (1) RIGHTS OF LAW ENFORCEMENT OFFICERS WHILE UNDER
INVESTIGATION.  Whenever a law enforcement officer is under
investigation and subject to interrogation by members of his
agency for any reason which could lead to disciplinary action,
demotion, or dismissal, such interrogation shall be conducted
under the following conditions:
 (a) The interrogation shall be conducted at a reasonable hour,
preferably at a time when the law enforcement officer is on duty,
unless the seriousness of the investigation is of such a degree
that immediate action is required.
 (b) The interrogation shall take place either at the office of
the command of the investigating officer or at the office of the
local precinct or police unit in which the incident allegedly
occurred, as designated by the investigating officer or agency.
 (c) The law enforcement officer under investigation shall be
informed of the rank, name, and command of the officer in charge
of the investigation, the interrogating officer, and all persons
present during the interrogation. All questions directed to the
officer under interrogation shall be asked by and through one
interrogator at any one time.
 (d) The law enforcement officer under investigation shall be
informed of the nature of the investigation prior to any
interrogation, and he shall be informed of the name of all
complainants.
 (e) Interrogating sessions shall be for reasonable periods and
shall be timed to allow for such personal necessities and rest
periods as are reasonably necessary.
 (f) The law enforcement officer under interrogation shall not
be subjected to offensive language or be threatened with
transfer, dismissal, or disciplinary action. No promise or reward
shall be made as an inducement to answer any questions.
 (g) The formal interrogation of a law enforcement officer,
including all recess periods, shall be recorded, and there shall
be no unrecorded questions or statements.
 (h) If the law enforcement officer under interrogation is under
arrest, or is likely to be placed under arrest as a result of the
interrogation, he shall be completely informed of all his rights
prior to the commencement of the interrogation.
 (i) At the request of any law enforcement officer under
investigation, he shall have the right to be represented by
counsel or any other representative of his choice, who shall be
present at all times during such interrogation whenever the
interrogation relates to the officer's continued fitness for law
enforcement service.
 (2) COMPLAINT REVIEW BOARDS.  A complaint review board shall
be composed of three members: One member selected by the chief
administrator of the agency; one member selected by the aggrieved
officer; and a third member to be selected by the other two
members. Agencies having more than 100 law enforcement officers
shall utilize a five-member board with two members being selected
by the administrator, two members being selected by the aggrieved
officer, and a fifth member being selected by the other four
members. The board members shall be law enforcement officers
selected from any state, county, or municipal agency within the
county.

*88
 (3) CIVIL SUITS BROUGHT BY LAW ENFORCEMENT OFFICERS.  Every
law enforcement officer shall have the right to bring civil suit
against any person, group of persons, or organization or
corporation, or the head of such organization or corporation, for
damages, either pecuniary or otherwise, suffered during the
performance of the officer's official duties or for abridgment of
the officer's civil rights arising out of the officer's
performance of official duties.
 (4) NOTICE OF DISCIPLINARY ACTION.  No dismissal, demotion,
transfer, reassignment, or other personnel action which might
result in loss of pay or benefits or which might otherwise be
considered a punitive measure shall be taken against any law
enforcement officer unless such law enforcement officer is
notified of the action and the reason or reasons therefor prior
to the effective date of such action.
 (5) RETALIATION FOR EXERCISING RIGHTS.  No law enforcement
officer shall be discharged; disciplined; demoted; denied
promotion, transfer, or reassignment; or otherwise discriminated
against in regard to his employment, or be threatened with any
such treatment, by reason of his exercise of the rights granted
by this part.
 History.  s. 2, ch. 74-274.
 112.533 Receipt and processing of complaints.  Every agency
employing law enforcement officers shall establish and put into
operation a system for the receipt, investigation, and
determination of complaints received by such employing agency
from any person.
 History.  s. 3, ch. 74-274.
 112.534 Failure to comply.  If any agency employing law
enforcement officers fails to comply with the requirements of
this part, at the request of the[1] Police Standards Board
established under part IV of chapter 23 or its successor, the
Department of Legal Affairs shall apply directly to the circuit
court of the county wherein such employing agency is
headquartered and permanently resides for an injunction to
restrain and enjoin such violation of the provisions of this part
and to compel the performance of the duties imposed by this part.
The[1] Police Standards Board and the Department of Legal Affairs
shall not be required to give any bond in any proceedings
hereunder.
 History.  s. 4, ch. 74-274.
 [1] Note.  Ch. 74-386 repealed part IV of ch. 23 and created a
new Police Standards and Training Commission (See s. 943.11).

NOTES
[1] See Appendix.
[2] The appeal, Case No. 76-1323, did not divest the trial court's jurisdiction over the cause entirely. That appeal divested the trial court of jurisdiction from (a) conducting any proceeding connected with the matter involved on appeal and (b) proceeding to final judgment.