James M. ALLISON, Plaintiff,

v.

CITY OF LIVE OAK, Florida, S. T. McDowell, Mayor of Live Oak, Florida, Reece Brown, John A. Cade, John O. Cannon, John H. Hale, Charles R. McCall, City Councilmen of the City of Live Oak, Florida, Elwood Howard, Chief of Police, Live Oak, Florida, Defendants.

No. 76–309–Civ–J–C.

United States District Court, M. D. Florida, Jacksonville Division.

May 12, 1978.

---

Joe K. Moore, Jacksonville, Fla., for plaintiff.

Ernest A. Sellers, Live Oak, Fla., for defendants.

### MEMORANDUM OPINION

CARR, District Judge.

The Plaintiff brings this civil rights action under 42 U.S.C. §§ 1983 and 1985(2), (3), alleging jurisdiction under 28 U.S.C. § 1343 and 28 U.S.C. § 1331(a). The case is presently before the Court on the Defendants' Motion to Dismiss.

According to the Complaint, the Plaintiff was a policeman who had been employed by

the City of Live Oak since 1961. In June of 1975 the Live Oak City Council Police Committee, which was comprised of Defendants Mayor S. T. McDowell, Councilmen Charles McCall, John Cade, and Reece Brown, and Police Chief Elwood Howard, received a complaint about the conduct of the Plaintiff from a local citizen. The citizen's complaint alleged that the Plaintiff had made sexually suggestive remarks concerning the complainant's daughter. The Plaintiff was questioned by the committee about these charges to which he responded with a denial.

On July 8, 1975 the Police Committee again met, without notice to the Plaintiff, in order to receive formal complaints about the Plaintiff. The Plaintiff's requests for a formal statement of charges and a list of witnesses against him were denied. A similar meeting was held on July 15, 1975 at which the Plaintiff was present. No opportunity was given to the Plaintiff at this meeting to call witnesses in his own behalf or to cross examine the witnesses who testified. At the conclusion of this meeting the Plaintiff was suspended without pay until a final determination could be made. At the City Council meeting of July 28, 1975, the Plaintiff was suspended for an additional thirty days for refusing to take a lie detector test, and for leaving his job without permission. The Plaintiff claims that this suspension suffered from the same procedural deficiencies as the previous one. Thereafter, the Plaintiff received a letter from the Defendant, Mayor McDowell, informing him that he was suspended indefinitely without pay, and that his termination would be recommended at the City Council meeting of August 28, 1975.

The Complaint states that at the August 28, 1975 meeting the Plaintiff was continued on suspended status after the Mayor set forth the reasons for the suspension. The reasons were neglect of duty and misconduct, which included engaging in illicit sexual intercourse while on duty, using crude and profane language in addressing the public, and gross insubordination.

In addition, the Complaint alleges that these charges and events were published through local newspaper articles and radio broadcasts. The Plaintiff later resigned, as he asserts, under pressure.

The Defendants in this case are the City of Live Oak, the Mayor, the City Councilmen, and the Chief of Police of Live Oak.

I

■ There is a presumption that a federal court lacks subject matter jurisdiction until it is shown to exist. *United States v. Holland,* 552 F.2d 667, 671 (5th Cir. 1977). A party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. *McGovern v. American Airlines, Inc.,* 511 F.2d 653 (5th Cir. 1975); *Product Promotions v. Cousteau,* 495 F.2d 483, 490 (5th Cir. 1974). Furthermore, the Court is compelled to dismiss an action in which there is a lack of subject matter jurisdiction even if the jurisdictional defect is not raised in a motion of the parties. Fed.R.Civ.P. 12(h)(3).

■ Thus the Court must first consider several jurisdictional questions presented by this complaint. First, it has been clearly established that a municipality is not a "person" for purposes of 42 U.S.C. § 1983. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1967); *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Thus, neither an action for damages nor for equitable relief will lie against the City of Live Oak. *City of Kenosha v. Bruno,* 412 U.S. 507, 513, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

■ In addition to 28 U.S.C. § 1343, the Plaintiff alleges jurisdiction under 28 U.S.C. § 1331(a), the general federal question statute. The basis for this allegation is the Supreme Court's holding in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens* the Supreme Court held that federal courts exercising jurisdiction under 28 U.S.C. § 1331(a) can award damages against federal agents for violations of the fourth

amendment prohibition of unreasonable searches and seizures. 403 U.S. at 397, 91 S.Ct. 1999.

The Supreme Court has not as yet expanded the scope of *Bivens,* nor has it sought to limit the lower federal courts in their recognition of the potential breadth of the *Bivens* remedy. *See, e. g., City of Charlotte v. Local 660, International Association of Firefighters,* 426 U.S. 283, 284 n. 1, 96 S.Ct. 2036, 48 L.Ed.2d 636 (1976).

Several courts have held that *Bivens* authorizes actions for damages for violations of constitutional rights other than the fourth amendment. *See, e. g., Paton v. LaPrade,* 524 F.2d 862, 869–870 (3d Cir. 1975) (claim under first amendment involving FBI mail surveillance); *Gardels v. Murphy,* 377 F.Supp. 1389, 1398 (N.D.Ill.1974) (cause of action for damages recognized "for violation of any constitutionally protected interest."). In addition several decisions have implied a cause of action against municipalities under the fourteenth amendment. *E. g., Owen v. City of Independence,* 560 F.2d 925 (8th Cir. 1977), *but see, Kostka v. Hogg,* 560 F.2d 37 (1st Cir. 1977).

The Plaintiff here contends that an implied cause of action arises against the City of Live Oak under the Due Process Clause of the fourteenth amendment. Whether this action will lie is a question which has been left open by the Supreme Court. *Mt. Healthy School District v. Doyle,* 429 U.S. 274, 277, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The Fifth Circuit Court of Appeals has recently provided some guidance in this area however. In *Davis v. Passman,* 571 F.2d 793 (5th Cir. 1978) (*en banc* ), *reversing panel opinion,* 544 F.2d 865 (5th Cir. 1977), the Fifth Circuit was required to either "join other circuits in projecting the scope of *Bivens* to the Due Process Clauses of the fourteenth and fifth amendments, or decline to follow their precedent." 571 F.2d at 795 (footnote omitted). The plaintiff in *Davis* brought an action against former Louisiana Congressman Otto Passman claiming that she was dismissed as his Deputy Administrative Assistant based on her sex. She claimed that the dismissal violat-

ed the Due Process Clause of the fifth amendment, and alleging jurisdiction under 28 U.S.C. § 1331(a). In construing the parameters of *Bivens,* the *en banc* Court of Appeals held that no action for money damages can be implied from the Due Process Clause of the fifth amendment. The court further stated that "Absent such a right of civil action, the district court cannot exercise jurisdiction under 28 U.S.C.A. § 1331(a) . . ." 571 F.2d at 801. *Cf., Kostka v. Hogg, supra* at 44 (proposed damage remedy against municipality for constitutional violations of its employees is not constitutionally mandated).

■ While a damage remedy is foreclosed against the City of Live Oak, the Plaintiff has also named the officials of the Live Oak City Government in their individual and official capacities, seeking the equitable remedies of reinstatement and back pay. The question thus arises, as to whether the city officials can be ordered, acting in their official capacities, to provide a monetary remedy, when the governmental entity cannot be sued directly. The Fifth Circuit in *Muzquiz v. City of San Antonio,* 520 F.2d 993 (5th Cir. 1975), *aff'd on rehearing en banc,* 528 F.2d 499 (5th Cir. 1977), held that injunctive or declaratory relief which is tantamount to a money judgment cannot be had against individual members of an entity when relief may not be directed against the entity itself under § 1983 jurisdiction. 528 F.2d at 501. An award of back pay would fall into this category and is thus precluded as an available remedy in this case. *Thurston v. Dekle,* 531 F.2d 1264, 1269 (5th Cir. 1976). This does not eliminate the availability of reinstatement or other injunctive or declaratory relief however. *Campbell v. Gadsden County District School Board,* 534 F.2d 650, 655 n. 10 (5th Cir. 1976) (dictum); *Guerra v. Roma Independent School District,* 444 F.Supp. 812, 817 (S.D.Tex.1977).

In summary the Court concludes that no jurisdiction exists over the City of Live Oak either under § 1983 or 28 U.S.C. § 1331(a). Section 1983 jurisdiction does exist over the named defendants in both their individual

and representative capacities. Relief in the form of money damages may be had against the city officials in their individual capacities, while equitable relief in the form of reinstatement is available against the defendants in their representative capacities.

## II

In considering the Defendants' Motion to Dismiss for failure to state a claim the Court must liberally construe the Complaint in favor of the Plaintiff. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Motion should not be granted unless it appears to a certainty that the Plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim. *Cook and Nichol, Inc. v. Plimsoll Club,* 451 F.2d 505, 506 (5th Cir. 1971).

### A

█ The plaintiff claims that the defendants conspired to deny him equal protection of the law or of equal privileges and immunities under the laws. 42 U.S.C. § 1985(3). The plaintiff also cites § 1985(2) in his Complaint. The language of § 1985(2) is substantially the same as § 1985(3) as it pertains to deprivation of equal protection. Thus, an analysis of the Complaint with regard to § 1985(3) will suffice to dispose of the issue entirely. *See Shaw v. Garrison,* 391 F.Supp. 1353, 1369–70 (E.D.La.1975), *aff'd on other grounds,* 545 F.2d 980 (5th Cir. 1977).

The Supreme Court in *Griffen v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), set out the four elements which must be present to state a claim under § 1985(3):

(1) the defendants must conspire,

(2) for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and

(3) the defendants must act in furtherance of the object of the conspiracy, whereby

(4) one was (a) injured in his person or property or (b) deprived of having and exercising any right or privilege of a citizen of the United States. 403 U.S. at 102–103, 91 S.Ct. at 1798–1799. The Fifth Circuit in *McLellan v. Mississippi Power and Light Co.,* 545 F.2d 919 (5th Cir. 1977) (*en banc*), undertook an analysis of the *Griffen* case and the necessary elements of a § 1985 action. The court in *McLellan* looked to the legislative history of the "Ku Klux Act" which after its enactment in 1871 was partially codified as 42 U.S.C. § 1985. It was held that a racial bias or perhaps a class-based discrimination must be alleged in order to state a claim under § 1985(3). *See Kimble v. D. J. McDuffy, Inc.,* 445 F.Supp. 269 (E.D.La.1978).

The Plaintiff in this case has made no allegation of racial bias. The court also notes that this case was not brought as a class action, nor could there have been any discernable class which would support a claim under § 1985. Thus the complaint in this case does not state a claim under 42 U.S.C. § 1985.

### B

In order to make out a claim for a fourteenth amendment Due Process Clause violation, the plaintiff must allege a deprivation of a valid property or liberty interest. *Mathews v. Eldridge,* 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The plaintiff here asserts that he was deprived of both liberty and property interests without the benefit of due process. The complaint alleges that statements were made, and published to the community, which were injurious to the plaintiff's reputation, and which would hinder his ability to obtain future employment.

█ Although reputation, standing alone, is not a constitutionally protected interest, *Paul v. Davis,* 424 U.S. 693, 702, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), when coupled with a loss of employment it will invoke due process safeguards. In *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48

L.Ed.2d 684 (1976), the Supreme Court held that a liberty interest will be impaired in conjunction with loss of employment only when the reasons for discharge are disclosed to the general public. 426 U.S. at 348, 96 S.Ct. 2074. *See also, Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The court finds that the plaintiff has met these prerequisites in order to make out a claim of stigmatization. In addition there is a sufficient factual dispute about the charges made against the plaintiff such that the requirement of *Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977), is met.

A property interest in employment is recognized when a "legitimate claim of entitlement" is established. *Board of Regents v. Roth, supra* 408 U.S. at 577, 92 S.Ct. 2701. Although a property interest in employment can be created by ordinance or implied contract, whether a claim of entitlement is sufficient to constitute a property interest is determined by reference to state law. *Bishop v. Wood, supra* 426 U.S. at 344, 96 S.Ct. 2074.

In *Bishop v. Wood, supra* a police officer was dismissed after being employed for over two years by the City of Marion, North Carolina. A city ordinance provided for the dismissal of a permanent employee for failure to perform up to the standard of his job classification, or for negligence, inefficiency, or unfitness. The district court construed the city ordinance "as granting no right to continued employment but merely conditioning an employee's removal on compliance with certain specified procedures." 426 U.S. at 345, 96 S.Ct. at 2078. The Supreme Court accepted the district court judge's construction of the ordinance in the absence of any pertinent state court decision.

The Fifth Circuit in *Thurston v. Dekle, supra* took an opposing position in upholding the construction of a local ordinance by a district court judge. *Thurston* held that "City employment which allows termination only for cause creates a constitutionally protectable property interest." 531 F.2d at 1272.

In the present case there are two possible sources from which a property interest might arise. First, Section 10 of the City Charter of Live Oak, Florida provides for the suspension of any officer of the city "for misconduct in office or neglect of duty . . . .". This would indicate that the plaintiff may only be suspended for cause, and thus has a constitutionally protectable property interest under *Thurston v. Dekle, supra.*

Second, "The Policeman's Bill of Rights", Fla.Stat. § 112.531, *et seq.* (1975), mandates certain procedures which must be adhered to before any disciplinary action may be taken against a police officer. For example, Section 112.532(4) provides:

*Notice of disciplinary action* —No dismissal, demotion, transfer, reassignment, or other personnel action which might result in loss of pay or benefits or which might otherwise be considered a punitive measure shall be taken against any law enforcement officer unless such law enforcement officer is notified of the action and the reason or reasons therefor prior to the effective date of such action.

In another case in this district, this statute was construed as ". . . creat[ing] both a substantive right in a law enforcement officer's employment, and a guarantee of procedural due process to safeguard that right." *Barton v. City of Eustis, Florida,* 415 F.Supp. 1355, 1360 (M.D.Fla.1976). In the absence of any definitive state court construction of this statute, the district court opinion must be viewed as controlling. *See Bishop v. Wood, supra* 426 U.S. at 345–346, 96 S.Ct. 2074.

In light of the foregoing, this court cannot say that the plaintiff cannot prove his claim of entitlement to employment under any circumstances. The motion to dismiss for failure to state a claim shall be denied with regard to the fourteenth amendment claim under § 1983. An order in accordance with this opinion shall be entered simultaneously herewith.

DONE AND ORDERED in Chambers in Jacksonville, Florida this 12th day of May, 1978.