To: Frederick B. Karl, Jr. City Attorney City of South Daytona
QUESTIONS:
1. May a complaint review board, established pursuant to part VI of ch. 112, F.S., be convened only at the request of an officer under investigation for matters which may result in disciplinary action?
2. Upon being convened, are the duties of the complaint review board limited to holding a hearing, during which evidence is heard and the subject officer is permitted an opportunity for full rebuttal, and rendering an opinion based on the facts developed at the hearing?
3. Is the complaint review board required to report its decision only to the entity having authority to make the final disciplinary decision against the officer?
4. Does the language of part VI of ch. 112, F.S., require the application of s. 112.532, F.S., to all internal police disciplinary proceedings?
SUMMARY:
Unless and until legislatively or judicially determined otherwise, complaint review boards convened pursuant to part VI of ch. 112, F.S., afford law enforcement officers and correctional officers with a means of vindicating their actions and reputations against unjust and unjustifiable claims made by persons outside the employing agency. In the absence of legislative or judicial guidance, this office cannot prescribe the procedures to be utilized for the convening or operation of such boards; however, such boards are to be utilized for the disposition of complaints made by persons outside of the law enforcement or correctional officer's agency and not for review of disciplinary action against law enforcement officers. Moreover, such boards are advisory only, possessing no adjudicatory functions and powers, although a municipality may utilize its home rule powers to create a complaint review board in conjunction with the system mandated by s. 112.533(1), F.S., and accord it adjudicatory or quasi-judicial powers; it may not, however, contravene, repeal, or modify any preexistent civil service law, charter act or general or special law nor may it provide for any type of judicial review.
Your questions are interrelated and shall be addressed together.
Part VI of ch. 112, F.S. (ss. 112.531-112.534, F.S.) is commonly known or referred to as "The Policeman's Bill of Rights" or "Law Enforcement Officers' Bill of Rights." See, e.g., Mesa v. Rodriguez, 357 So.2d 711 (Fla. 1978); Ragucci v. City of Plantation, 407 So.2d 932 (4 D.C.A.Fla., 1981). Part VI is designed to insure certain rights for law enforcement and correctional officers. See s. 112.532, F.S., which provides that "[a]ll law enforcement officers and correctional officers employed by any employing agency shall have the following rights and privileges." And see s. 112.531(1) and (2), F.S., respectively defining "law enforcement officer" and "correctional officer." See also Longo v. City of Hallandale, 42 Fla.Supp. 53 (17th Cir. Broward Co., 1975) (part VI does not by its terms apply to chiefs of police); Johnson v. Wilson, 336 So.2d 651 (1 D.C.A.Fla., 1976) (ch. 74-274, Laws of Florida [codified as part VI of ch. 112] not applicable to the constitutional office of sheriff); Evans v. Hardcastle, 339 So.2d 1150 (2 D.C.A.Fla., 1976). Cf. Bembanaste v. City of Hollywood, 394 So.2d 1053 (4 D.C.A.Fla., 1981); Smith v. Town of Golden Beach, 403 So.2d 1346 (3 D.C.A.Fla., 1981) (probationary officer not entitled to rights and privileges of s.112.532, F.S.); City of Hollywood v. Litteral, 446 So.2d 1152 (4 D.C.A.Fla., 1984) (community service officer not a law enforcement officer and had no rights under ss. 112.531-112.534, F.S.).
Section 112.532(1), F.S., requires that whenever a law enforcement officer or correctional officer, as defined in s. 112.531(1) and (2), F.S., is under investigation and subject to interrogation by members of his agency for any reason which could lead to disciplinary action, demotion or dismissal, such interrogation shall be conducted under the conditions prescribed therein. See AGO 75-41. Section 112.532 also sets forth other rights and privileges possessed by law enforcement officers and correctional officers including, inter alia, the establishment of complaint review boards, s. 112.532(2); the right of law enforcement officers and correctional officers to bring civil suits, s.112.532(3); the right of law enforcement officers or correctional officers to have notice of disciplinary action, s. 112.532(4); and the prohibition against retaliatory action being taken against law enforcement officers and correctional officers who exercise their rights, s. 112.532(5). See Longo v. City of Hallandale, 42 Fla.Supp. 53, 57 (17th Cir. Broward Co., 1975), affirmed, 331 So.2d 397 (4 D.C.A.Fla., 1976), cert. denied, 341 So.2d 1080
(Fla. 1976), in which the circuit court held that part VI of ch. 112, applies only to "intradepartmental interrogation and investigation, and had as its purpose the protection of subordinate officers from `third degree' tactics by superior officers. . . ." (Emphasis supplied by the court.) Cf. AGO 86-26.
Section 112.532(2), F.S., provides:
 COMPLAINT REVIEW BOARDS. — A complaint review board shall be composed of three members: One member selected by the chief administrator of the agency or unit; one member selected by the aggrieved officer; and a third member to be selected by the other two members. Agencies or units having more than 100 law enforcement officers or correctional officers shall utilize a five-member board, with two members being selected by the administrator, two members being selected by the aggrieved officer, and the fifth member being selected by the other four members. The board members shall be law enforcement officers or correctional officers selected from any state, county, or municipal agency within the county. There shall be a board for law enforcement officers and a board for correctional officers whose members shall be from the same discipline as the aggrieved officer.
See Waters v. Purdy, 345 So.2d 368 (3 D.C.A.Fla., 1977), wherein the court held that the provisions of subsection (2) of s.112.532, F.S., must be read in pari materia, with subsection (1).
Although s. 112.532(2), supra, provides for the composition of a complaint review board, it makes no provision for such board's powers or duties. See Ragucci v. City of Plantation, 407 So.2d 932
(4 D.C.A.Fla., 1981). And see Longo v. City of Hallandale, 42 Fla.Supp. 53, 59 (17th Cir. Broward Co., 1975), wherein the court declared:
 [W]e are uncertain as to the functions of the complaint review board . . . when and how it is to be implemented in the event of a dispute, what it is supposed to do, and what effect or weight is to be given and by whom to its determinations, assuming it is supposed to make a determination.
See also AGO 75-41 wherein this office observed that the legislative history of ch. 74-274, Laws of Florida (codified as part VI of ch. 112, F.S.), was unilluminating as to what the complaint review boards were intended to do; moreover, the original bill from which ch. 74-274 was derived, Senate Bill 84, granted no powers to such boards. In AGO 76-38, this office concluded that complaint review boards provided for by s.112.532(2), F.S., are not, by the terms of part VI of ch. 112, F.S., made bodies possessing adjudicatory functions and powers. See City of Hallandale v. Inglima, 346 So.2d 84 (4 D.C.A.Fla., 1977), citing with approval AGO 76-38, and concluding that such boards are advisory only; Ragucci v. City of Plantation, supra.
Pursuant to s. 112.533(1), F.S., "[e]very agency employing law enforcement officers or correctional officers shall establish and put into operation a system for the receipt, investigation, and determination of complaints received by such employing agency from any person." In Migliore v. City of Lauderhill, 415 So.2d 62 (4 D.C.A.Fla., 1982), approved, 431 So.2d 986 (Fla. 1983), the district court, in an opinion subsequently adopted by the Florida Supreme Court, considered the scope and purpose of complaint review boards. The court noted that neither s. 112.532(2) nor any other applicable law explicates the function of the complaint review board; however, "there is nothing to indicate that a policeman [law enforcement officer or correctional officer] has a right to have his dismissal reviewed by the board. In fact, the only statutory provision containing a possible explanation of the duties of the complaint review board is Section 112.533. . . ."415 So.2d at 64. The court thus interpreted s. 112.533 as "providing a law enforcement officer with a means of vindicating his actions and his reputation against unjust and unjustifiable claims made against him by persons outside the agency which employs him." (Emphasis supplied.) Id. Concluding that had the Legislature intended that a complaint review board be available to a law enforcement officer under the circumstances set forth in s.112.532(4), it could easily have made reference to s. 112.532(2), the court stated:
 The lack of such a reference is but one additional factor that inclines us to the view that Sections 112.533 and 112.532(2) are to be utilized for disposition of complaints made by outside persons and are not intended to provide a forum for any issue other than whether a particular complaint has a basis in fact. [415 So.2d at 64.]
Since the appellants in Migliore were dismissed from the municipal police department not on the basis of an outside complaint, but for their refusal to obey the order of a superior officer, the court held that a complaint review board was not available to test the validity of their dismissal. And see Mesa v. Rodriguez,357 So.2d 711, 713 (Fla. 1978) (citizen could have lodged complaint with investigation system set up pursuant to statute by police department and had complaint reviewed by complaint review board which after hearing would have had authority to render advisory recommendation as to action to be taken against officer). This office has previously concluded that the governing body of a municipality may, under the authority of the Municipal Home Rule Powers Act (ch. 166, F.S.), establish any system for the investigation of complaints which does not conflict with part VI of ch. 112, F.S. See AGO's 76-38 and 75-41. And see s. 166.021(1), F.S., which provides:
 As provided in s. 2(b), Art. VIII of the State Constitution, municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except where expressly prohibited by law.
Thus, this office concluded in AGO 76-38 that the governing body of a municipality may use the foregoing power to create a complaint review board in conjunction with the complaint processing system mandated by s. 112.533(1), F.S., supra, and accord it adjudicatory or quasi-judicial powers; or in its discretion, it may restrict such board to an advisory or recommendatory status. However, no such legislative action by a municipality may contravene, repeal or modify any preexistent civil service law, charter act, or general or special law affecting the rights of municipal employees and which governs the municipal police. See City of Hallandale v. Inglima, 346 So.2d 84
(4 D.C.A.Fla., 1977), citing AGO 76-38. See also Ragucci v. City of Plantation, 407 So.2d 932 (4 D.C.A. Fla., 1981) (police officer held deprived of procedural due process when city failed to comply with provisions of charter for his removal). Further, regardless of the status prescribed to the board by the municipality pursuant to ch. 166, F.S., the municipality may not prescribe any judicial review of the action of any such board or accord or mandate any appellate jurisdiction upon any court; such power is reserved to the state which has not made any such provision therefor in part VI of ch. 112, F.S.
It therefore appears that the purpose of the complaint review boards convened pursuant to part VI of ch. 112, F.S., is to afford law enforcement officers and correctional officers with a means of vindicating their actions and reputations against unjust and unjustifiable claims made by persons outside the employing agency. The statutes are silent, however, as to the type of procedures that should be established regarding the convening or operation of such boards and in the absence of legislative or judicial guidance, I cannot state that a complaint review board may only be convened only at the request of an officer under investigation for matters which may result in disciplinary action or that such board may only report its decision to the entity having authority to make the final disciplinary decision against the officer. Cf. 67 C.J.S. Officers s. 193(a) (where general power granted to public officer, unaccompanied by definite directions as to how power or authority is to be exercised, such grant implies right to employ means and methods necessary to comply with statute); AGO's 81-100, 81-94 and 81-34. In light of the district court's opinion in Migliore v. City of Lauderhill, supra, however, it appears that such boards are to be utilized for the disposition of complaints made by persons outside of the law enforcement officer's or correctional officer's agency and that they are not intended to provide a forum for issues other than whether such complaint has a basis in fact. See the Florida Supreme Court's opinion in Migliore v. City of Lauderhill, 431 So.2d 986, 987 (Fla. 1983), in which the Court, in adopting the district court's opinion, stated: "The district court in Migliore correctly held that Complaint Review Boards, authorized by section 112.532(2), Florida Statutes (1981), were not created to review disciplinary action against police officers. . . ." Moreover, such boards are advisory only, possessing no adjudicatory functions and powers, although a municipality may utilize its home rule powers, create a complaint review board in conjunction with the system mandated by s. 112.533(1) and accord it adjudicatory or quasi-judicial powers; it may not, however, contravene, repeal, or modify any preexistent civil service law, charter act or general or special law nor may it provide for any type of judicial review.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General