Tom Gardner Executive Director Department of Natural Resources
QUESTION:
Whether an active investigation of a law enforcement officer under s. 112.533, F.S. (1990 Supp.), which has not been completed when the officer voluntarily resigns, may actively continue to conclusion and retain its exemption during such time?
SUMMARY:
An investigation of a law enforcement officer under s. 112.533, F.S. (1990 Supp.), ceases to be active at the time the officer resigns, and the exemption provided in s. 112.533, F.S. (1990 Supp.), would no longer be applicable. Criminal investigative or criminal intelligence information, however, would continue to be exempt pursuant to s. 119.07(3)(d), F.S. (1990 Supp.), until such time as such information was no longer active as defined in s.119.011(3)(d), F.S.
You state that a complaint was filed against an officer of the Florida Marine Patrol under ss. 112.532-112.534, F.S. The complaint was received and is actively being investigated in accordance with the above statutes. During the investigation, the department met with the officer and informed him of his rights prior to the commencement of the interrogation as required by s.112.532(1)(h), F.S. You state that the reason for this process was "because an active criminal investigation was included in the fact finding discovery."
During the course of the investigation, the officer voluntarily resigned from the Florida Marine Patrol. The department is apparently continuing with the investigation initiated to reach a final conclusion as provided by s. 112.533(2)(a), F.S. (1990 Supp.).
You have not advised this office as to whether another officer or officers are also being investigated. This office must, therefore, assume that the information in question relates only to the investigation of the officer who has resigned.[1] No conclusion or determination has yet been made and the officer has not been advised that the investigation is concluded as required by s. 112.533(2), F.S. (1990 Supp.). You ask whether the file on this matter remains confidential pursuant to s. 112.533, F.S. (1990 Supp.), until a conclusion is reached.
Part VI, Ch. 112, F.S., known as the Law Enforcement Officer's Bill of Rights, was created to insure certain rights for law enforcement and correctional officers. Section 112.533(1), F.S. (1990 Supp.), requires every agency employing law enforcement officers or correctional officers to establish and implement a system for the receipt, investigation and determination of complaints received by the agency from any person.[2]
Section 112.533(2)(a), F.S. (1990 Supp.), provides in part:
 A complaint filed against a law enforcement officer . . . or correctional officer with a law enforcement agency or correctional agency and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of s. 119.07(1) until the investigation ceases to be active, or until the agency head or his designee provides written notice to the officer who is the subject of the complain, either personally or by mail, that the agency has either: 1. Concluded the investigation with a finding not to proceed with disciplinary action or to file charges; or 2. Concluded the investigation with a finding to proceed with disciplinary actio or to file charges.[3] (e.s.)
The exemption afforded by the above statute is limited to that information obtained during the agency's investigation of the complaint against the officer. Recently, the Fourth District court of Appeal in City of Delray Beach v. Barfield,[4]
stated that in order for the confidentiality provisions os s.112.533(2), F.S. (1990 Supp.), to apply, a written, as opposed to oral, complaint must have been filed with the employing agency.
An investigation, for purposes of s. 112.533(2), F.S. (1990 Supp.),
shall be considered active as long as it is continuing with a reasonable, good faith anticipation that an administrative finding will be made in the foreseeable future. An investigation shallbe presumed to be inactive if no finding is made within 45 daysafter the complaint is filed. (e.s.)
Section 112.533(2), F.S. (1990 Supp.),[5] does not apply to any public record which is exempt from disclosure pursuant to s.119.07(3), F.S. (1990 Supp.).[6] To the extent that the complaint generates documents of the kind described in s.119.07(3), F.S. (1990 Supp.), the provisions of that section would control. As stated by the court in City of Delray Beach v. Barfield, supra:
[I]f the complaint generates documents of the kind described in section 119.07(3), Fla. Stat. (Supp 1990.), then it appears that the 45-day inactivity presumption may not be applicable, whether the investigation is deemed active and its documents are thus unavailable to the public. There is, however, no assertion of section 119.07(3) documents in this case. (Emphasis supplied by court.)
Section 112.533, F.S. (1990 Supp.), thus, concerns the handling of complaints against law enforcement and correctional officers by their employing agencies. While the protection afforded by s.112.533(2), F.S. (1990 Supp.), relates to the complaint and ensuing investigation which may lead to disciplinary action, it does not cover information gathered during the criminal investigatory process such as criminal investigation or intelligence information.[7] Protection for such information is provided in s. 119.07(3), F.S. (1990 Supp.).[8]
As stated by the Barfield court, the primary intent voiced by the Legislature in s. 112.533, F.S. (1990 Supp.), as indeed in Ch.119, F.S., is openness and the availability of public records — "The exemption in subsection (2)(a) [of s. 112.533, F.S. (1990 Supp.)] is narrowly and quite specifically drawn; to claim its shelter, the agency must comply precisely with its provisions."[9]
Once the employee has left the employing agency, the purpose of s.112.533, F.S. (1990 Supp.), can no longer be met. There is no longer an employee against whom the agency may take disciplinary action. Therefore, the investigation would, in my opinion, cease to be active at that time.[10]
However, any information generated which qualifies as exempt pursuant to s. 119.07(3), F.S. (1990 Supp.), would be governed by the provisions of that section, not s. 112.533, F.S. (1990 Supp.). Thus, criminal investigative information, i.e., information compiled by a criminal justice agency while conducting an ongoing criminal investigation of a specific act, would be exempt while the investigation is continuing with a good faith anticipation of securing an arrest or prosecution in the foreseeable future.
Therefore, I am of the opinion that an investigation of the law enforcement officer under s. 112.533, F.S. (1990 Supp.), ceases to be active at the time the officer resigns, and the exemption provided in s. 112.533, F.S. (1990 Supp.), would no longer be applicable. Criminal investigation or criminal intelligence information, however, would continue to be exempt pursuant to s.119.07(3)(d), F.S. (1990 Supp.), until such time as such information was no longer active as defined in s. 119.011(3)(d), F.S.
RAB/tjw
[1] If written complaints were received against two or more officers regarding the same incident and only one officer has resigned, the investigation against the other officer would continue to be active and the information collected during the investigation of that officer would still be governed by the provisions of s. 112.533(2), F.S. (1990 Supp.).
[2] See, Migliore v. city of Lauderhill, 415 So.2d 62
(4 D.C.A. Fla., 1982) (s. 112.533 provides a law enforcement officer with a means of vindicating his actions and his reputation against unjust and unjustifiable claims made against him by persons outside the agency which employs him).
[3] Section 112.533(3), F.S. (1990 Supp.), makes it a first degree misdemeanor for any person who is a participant in an internal investigation to willfully disclose any information obtained pursuant to the agency's investigation. This section has been declared unconstitutional by several circuit courts. See, Rantel v. City of Fort Lauderdale, Case No. 88-6676-Civ (S.D.Fla., 1990); State v. Peterson, Case Nos. 84-906-MM and 84-933-MO (co. Ct., Bay Co. 1984). Cf., Doe v. Gonzalez, 723 F. Supp. 690
(S.D.Fla., 1988), aff'd, 886 F.2d 1323 (11th disclose the existence of a complaint filed with the Ethics commission or any information in connection with the confidential preliminary proceeding, unconstitutional).
[4] 579 So.2d 315 (4 D.C.A. Fla., 1991).
[5] Section 112.533(2)(b), F.S. (1990 Supp.). And see, City of Delray Beach v. Barfield, supra, in which the court considered the presumption created by s. 112.533(2)(b), F.S., that an investigation is inactive if no finding is made within 45 days after the filing of the complaint. Compare, s. 119.011(3)(d), F.S., which defines "active" for purposes of the exemption for criminal intelligence information and criminal investigative information.
[6] Id.
[7] See, s. 112. 533(2)(b), F.S. (1990 Supp.), stating that s. 112.553(2), F.S. (1990 Supp.), "does not apply to any public record which is exempt from public disclosure pursuant to s. 119.07(3)."
[8] See, s. 119.07(3)(d), F.S. (1990 Supp.), providing that "[a]ctive criminal intelligence information and active criminal investigative information are exempt from the provisions of [s. 119.07(1), F.S. (1990 Supp.)]. See also, s.119.01(3)(a), (b), and (c), F.S., defining "Criminal intelligence information" and "Criminal investigative information." Andsee, s. 119.011(3)(d), F.S., defining "active" to have the following meaning:
1. Criminal intelligence information shall be considered "active: as long as it is related to intelligence gathering conducted with a reasonable, good faith belief that it will lead to detection of ongoing or reasonably anticipated criminal activities. 2. Criminal investigative information shall be considered "active" so long as it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future.
[9] 579 So.2d at 318.
[10] Public employees are advised, however, that the courts have held that an agency must provide an employee with an opportunity for a post termination name clearing when stigmatizing information concerning the employee is made part of the public records or otherwise published. Buxton v. City of Plant City, Florida, 871 F.2d 1038 (11th cir. 1989); Codd v. Velger,429 U.S. 624 (1977). See also, Garcia v. Walder Electronics, Inc.,563 So.2d 723 (3 D.C.A. Fla., 1990), noting that a public employer has an affirmative duty to inform a discharged employee of his right to seek a post termination name clearing hearing. The cases finding a right to a name clearing hearing have arisen where an employee is accused of specific wrongdoing in the nature of a criminal act, of malfeasance or misfeasance, or of acts of moral turpitude. See, e.g., Campbell v. Pierce County, Ga.,741 F.2d 1342 (11th Cir. 1984) (misappropriation of county funds and insubordination); Allison v. City of Live Oak, 450 F. Supp. 200
(M.D.Fla. 1978) (use of profane language and illicit sexual activity while on duty).