Dear Mr. Theobald:
You ask the following question:
As the employing law enforcement agency of a Miami-Dade Police officer, is the Miami-Dade Police Department, as stated in section 112.533, Florida Statutes, the exclusive agency responsible for the receipt, investigation and determination of complaints against the officer?
Part VI, Chapter 112, Florida Statutes, commonly known as "The Police Officers' Bill of Rights" or "The Law Enforcement Officers' Bill of Rights," was enacted to ensure certain rights for law enforcement and correctional officers subject to disciplinary action by their employing agencies.[1] When a law enforcement officer or correctional officer is subject to interrogation by members of his or her employing agency for any reason that could lead to disciplinary action, demotion, or dismissal, the interrogation must be conducted under the conditions prescribed by the statute.[2]
Section 112.533(1), Florida Statutes, states:
"Every law enforcement agency and correctional agency shall establish and put into operation a system for the receipt, investigation, and determination of complaints received by such agency from any person, which shall be the procedure forinvestigating a complaint against a law enforcement andcorrectional officer and for determining whether to proceed withdisciplinary action or to file disciplinary charges,notwith-standing any other law or ordinance to the contrary.
This subsection does not preclude the Criminal Justice Standards and Training Commission from exercising its authority under chapter 943." (e.s.)
The plain language of the statute makes the procedures established thereunder the exclusive means by an employing agency to investigate complaints against law enforcement officers and correctional officers and for determining whether to proceed with disciplinary action, regardless of other laws or ordinances to the contrary.[3] When the Legislature prescribes a means of accomplishing something, it operates, in effect, as a prohibition against its being done in any other manner.[4] Moreover, this office has previously determined that no legislative action by a municipality may contravene, repeal or modify a preexisting civil service law, charter act, or general or special law affecting the rights of municipal employees, including police officers.[5] It would appear, therefore, that no other procedure or system may be implemented by the employing agency to investigate complaints against law enforcement and correctional officers.[6]
Accordingly, it is my opinion that as the employing law enforcement agency of a Miami-Dade Police officer, the Miami-Dade Police Department is the exclusive agency responsible for the receipt, investigation and determination of complaints received by Miami-Dade pursuant to section 112.533, Florida Statutes.
Sincerely,
Charlie Crist, Attorney General
CC/tals
[1] See s. 112.532, Fla. Stat., stating that "[a]ll law enforcement officers and correctional officers employed by or appointed to a law enforcement agency or a correctional agency shall have the following rights and privileges[.]"
[2] Section 112.532(1), Fla. Stat., sets forth the conditions under which a law enforcement officer or correctional officer may be interrogated, as follows:
"(a) The interrogation shall be conducted at a reasonable hour, preferably at a time when the law enforcement officer or correctional officer is on duty, unless the seriousness of the investigation is of such a degree that immediate action is required.
(b) The interrogation shall take place either at the office of the command of the investigating officer or at the office of the local precinct, police unit, or correctional unit in which the incident allegedly occurred, as designated by the investigating officer or agency.
(c) The law enforcement officer or correctional officer under investigation shall be informed of the rank, name, and command of the officer in charge of the investigation, the interrogating officer, and all persons present during the interrogation. All questions directed to the officer under interrogation shall be asked by or through one interrogator during any one investigative interrogation, unless specifically waived by the officer under investigation.
(d) The law enforcement officer or correctional officer under investigation shall be informed of the nature of the investigation prior to any interrogation, and he or she shall be informed of the name of all complainants.
(e) Interrogating sessions shall be for reasonable periods and shall be timed to allow for such personal necessities and rest periods as are reasonably necessary.
(f) The law enforcement officer or correctional officer under interrogation shall not be subjected to offensive language or be threatened with transfer, dismissal, or disciplinary action. No promise or reward shall be made as an inducement to answer any question.
(g) The formal interrogation of a law enforcement officer or correctional officer, including all recess periods, shall be recorded on audio tape, or otherwise preserved in such a manner as to allow a transcript to be prepared, and there shall be no unrecorded questions or statements. Upon the request of the interrogated officer, a copy of any such recording of the interrogation session must be made available to the interrogated officer no later than 72 hours, excluding holidays and weekends, following said interrogation.
(h) If the law enforcement officer or correctional officer under interrogation is under arrest, or is likely to be placed under arrest as a result of the interrogation, he or she shall be completely informed of all his or her rights prior to the commencement of the interrogation.
(i) At the request of any law enforcement officer or correctional officer under investigation, he or she shall have the right to be represented by counsel or any other representative of his or her choice, who shall be present at all times during such interrogation whenever the interrogation relates to the officer's continued fitness for law enforcement or correctional service.
(j) Notwithstanding the rights and privileges provided by this part, this part does not limit the right of an agency to discipline or to pursue charges against an officer."
[3] See also Chapter 2003-149, Laws of Fla., stating in its title that the act amends s. 112.533, Fla. Sta., "providing that an established system for the receipt, investigation, and determination of complaints shall be the exclusive procedure used by law enforcement and correctional agencies[.]"
[4] See Alsop v. Pierce, 19 So. 2d 799, 805 (Fla. 1944) (where Legislature prescribes the mode, that mode must be observed).
[5] See Op. Att'y Gen. Fla. 97-62 (1997). And see Ops. Att'y Gen. Fla. 86-91 (1986) and 76-38 (1976) and Ragucci v.City of Plantation, 407 So. 2d 932 (Fla. 4th DCA 1981).
[6] See Inf. Op. Att'y Gen. to Mr. Robert Cintron, Jr., General Counsel, Key West Citizen Review Board, March 22, 2004 (no statutory authority for citizen review board to receive complaints against law enforcement officers under Part VI, Ch.112, Fla. Stat.).