PER CURIAM.
The following certified question has been presented for our determination:
DOES SECTION 112.532(2), FLORIDA STATUTES (1975), REQUIRE A LAW ENFORCEMENT AGENCY TO CONVENE A COMPLAINT REVIEW BOARD UPON THE DEMAND OF A LAW ENFORCEMENT OFFICER WHO HAS BEEN THE SUBJECT OF DISCIPLINARY ACTION, WHEN THE OFFICER HAS AVAILED HIMSELF OF THE CIVIL SERVICE APPEALS PROCEDURE, TO REVIEW SAID DISCIPLINARY ACTION; AND IF SO, WHAT, IF ANY, ADJUDICATORY POWERS WOULD SUCH A COMPLAINT REVIEW BOARD POSSESS?
The salient facts are as follows:
On March 7, 1975 Russell Waters, a Dade County Public Safety Department law en *369 forcement officer, was notified of his termination by Sheriff Purdy. On March 10, pursuant to Waters’ request, a hearing examiner was appointed in accordance with Section 2-47, Code of Metropolitan Dade County, to review the termination action, and on April 23 the examiner held a hearing at which Waters personally appeared. Thereafter, the hearing examiner submitted his findings of fact and recommendation that Waters be terminated to the county manager. On August 12 the county manager notified Waters of his confirmation of Waters’ dismissal. In January 1976 Waters demanded the convening of a complaint review board pursuant to Section 112.532(2), Florida Statutes (1975):

“112.532 Law Enforcement officers’ rights

“All law enforcement officers employed by an employing agency shall have the following rights and privileges:
******
“(2) Complaint review boards.- — A complaint review board shall be composed of three (3) members: one (1) member selected by the chief administrator of the agency; one (1) member selected by the aggrieved officer; and a third member to be selected by the other two (2) members. Agencies having more than one hundred (100) law enforcement officers shall utilize a five (5) member board with two (2) members being selected by the administrator, two (2) members being selected by the aggrieved officer, and a fifth member being selected by the other four (4) members. The board members shall be law enforcement officers selected from any state, county, or municipal agency within the county.”
The County refused to comply with Waters’ demand on the ground that the establishment of such a board is discretionary. Thereupon, Waters filed a petition for writ of mandamus against Dade County and its sheriff, E. Wilson Purdy, wherein he sought to compel respondents to convene a complaint review board. Thereafter the trial judge certified the above question.
After scrutinizing Section 112.532, Florida Statutes (1975) in its entirety, we find that subsection (2) set out above must be read in pari materia with subsection (1) which provides in part:

“112.532 Law Enforcement officers’ rights

******
“(1) Rights of law enforcement officers while under investigation. — Whenever a law enforcement officer is under investigation and subject to interrogation by members of his agency for any reason which could lead to disciplinary,, action, demotion, or dismissal, such interrogation shall be conducted under the following conditions . . . ” [Emphasis Supplied]
The record presented to this court demonstrates that Russell Waters was not under investigation, but rather was terminated for violation of the public safety department’s personnel rules which he admitted violating. We, therefore, answer the certified question in the negative as Section 112.532(2), Florida Statutes (1975) is not applicable to the instant situation; and, accordingly, we find Waters is not entitled to the issuance of a writ of mandamus. The cause is remanded to the trial court to dismiss the petition.
So ordered.