357 So.2d 711 (1978)
Antonio H. MESA, Appellant,
v.
Richard RODRIGUEZ, Appellee.
No. 50560.
Supreme Court of Florida.
April 5, 1978.
Irving Weinsoff and Thomas M. Carney of Weinsoff, Weinsoff & Carney, Miami, for appellant.
Murray Goldman of West, Friesner & Goldman, Miami, for appellee.
Richard Yale Feder and Irma Robbins Feder, Miami, for American Civil Liberties Union of Florida, Greater Miami Chapter, amicus curiae.
BOYD, Justice.
This is a direct appeal from the Dade County Circuit Court. In a civil suit for damages the court directly passed on the constitutional validity of a state statute. *712 We have jurisdiction of the appeal. Article V, Section 3(b)(1), Florida Constitution.

I.
Antonio Mesa, a police officer for the City of Miami, filed suit on July 20, 1976, for damages in the Dade County Circuit Court against Richard Rodriguez, a private citizen. The complaint filed with the court stated that the action was commenced under the authority of Chapter 74-274, § 2(3), Laws of Florida.[1] It alleged that Mesa's civil rights were abridged during the performance of his official duties when Rodriguez, through a letter to the Chief of Police, wrote that he had been mistreated by Mesa, acting in his official capacity. Furthermore, it charged that Rodriguez' letter was "malicious, scandalous, false, defamatory and libelous... ."[2] Attached to the complaint was the letter.
The letter may be characterized as a petition to the Chief of Police for a redress of a grievance. This is a summary of it. On March 28, 1975, Rodriguez' car had been parked at the intersection of Flagler Street and 11th Avenue for 45 minutes when he and his seven-year-old son emerged from a nearby cafeteria. Officer Mesa beckoned to him and asked for his license, which he turned over. The officer informed Rodriguez that he was citing him for a traffic infraction: making an improper left turn at the intersection of Flagler and 12th. Rodriguez telephoned the police station to inquire if he was required by law to sign the citation. The lieutenant who answered the phone was unable to provide an answer. After the telephone conversation Mesa told Rodriguez that if he did not sign the ticket he would be arrested. Two other police officers arrived. During the ensuing discussion Mesa admitted that he was not sure that Rodriguez' car was the one that had made the unlawful turn, but stated that he had filled out the arrest order already. The officers lifted the child, who was crying, into a squad car and ordered Rodriguez into it. After threatening to take the child to the Juvenile Detention Center, they dropped him off at the home of relatives. Rodriguez was taken to jail. On the way the policemen expressed themselves "as if they had arrested a vile criminal." Later, he was released on bail. Rodriguez asked the police chief to open an investigation and to interview Mesa.

II.
Section 112.532(3), Florida Statutes, the section of the statutes under which Mesa brought suit, is contained in Part VI of Chapter 112, Florida Statutes, the chapter of general provisions governing public officers and employees. Part VI is entitled "Law Enforcement Officers," and is commonly known as "The Policeman's Bill of Rights."[3] The section declares that every law enforcement officer has the right to bring a civil suit for damages suffered during the performance of his official duties or for abridgment of his civil rights arising out of the performance of official duties. The trial judge, in an order of summary final judgment, found the section to be unconstitutional, on its face and as applied in this case, under both the Declaration of Rights, Article I, Florida Constitution, and the First Amendment to the United States Constitution. The judge did not announce the specific right that had been violated. But, the issues presented here by the briefs and the parties in oral argument, and apparently the ones considered by the judge, are whether the statutory section, on its face or as applied, interferes unconstitutionally with a person's right, as a citizen of this *713 State[4] and this Nation,[5] to petition the government for a redress of grievances.

III.
Facially, the statute does not interfere with the constitutional right. It expresses no intent that the right be restricted in any way, nor can a restriction be inferred from it. In fact, a companion section of the statute,[6] also part of "The Policeman's Bill of Rights," requires state law enforcement agencies to establish a system of receiving, investigating and determining complaints from any person. If Rodriguez had chosen, he could have lodged a complaint with the investigation system set up, pursuant to the statute, by the Miami Police Department. His complaint could have been reviewed by a Complaint Review Board composed as required by Section 112.532(2), Florida Statutes.[7] And, the board, after a hearing, would have had authority to render an advisory recommendation as to action to be taken against Officer Mesa.[8]
The challenged statutory section simply declares that law enforcement officers have a right to recover damages suffered during performance of their official duties. As written, it does nothing to restrict impermissibly the constitutional right to petition for redress of grievances. And, while the part of the statutes in which the challenged section is laid provides protection for the due process rights of police officers under investigation, it also provides for the airing of grievances. If anything, the legislation is protective of the constitutional right.

IV.
The judge addressed the issue of the constitutional validity of the statute's application because Mesa's complaint stated that the action was brought under its authority and because counsel stipulated that without the section the action could not be commenced. But, the statute confers on Mesa no right to sue for defamation greater than any right he possesses under Florida law without it. Mesa may pursue an action for the tort of libel. The statute does nothing to add to this common law right. We do not need to discuss, therefore, the constitutional validity of the section's application.
On remand Officer Mesa is to be given the opportunity to amend his complaint to bring an action for libel against Rodriguez not founded on Section 112.532(3), Florida Statutes. The order of the Circuit Court, in and for Dade County, is reversed, the statute is declared constitutional and the cause is remanded for proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND and SUNDBERG, JJ., concur.
KARL, J., concurs in result only.
HATCHETT, J., dissents.
NOTES
[1] Now codified as § 112.532(3), Fla. Stat.:

(3) CIVIL SUITS BROUGHT BY LAW ENFORCEMENT OFFICERS.  Every law enforcement officer shall have the right to bring civil suit against any person, group of persons, or organization or corporation, or the head of such organization or corporation, for damages, either pecuniary or otherwise, suffered during the performance of the officer's official duties or for abridgment of the officer's civil rights arising out of the officer's performance of official duties.
[2] Record-on-Appeal, p. 2.
[3] See, e.g., City of Hallandale v. Inglima, 346 So.2d 84 (Fla. 4th DCA 1977).
[4] Declaration of Rights, Art. I, § 5, Fla. Const.:

Section 5. Right to assemble.  The people shall have the right peaceably to assemble, to instruct their representatives, and to petition for redress of grievances.
[5] First Amendment to the U.S. Constitution:

Congress shall make no law ... abridging ... the right of the people ... to petition the government for a redress of grievances.
[6] 112.533 Receipt and processing of complaints.  Every agency employing law enforcement officers shall establish and put into operation a system for the receipt, investigation, and determination of complaints received by such employing agency from any person.
[7] (2) COMPLAINT REVIEW BOARD.  A complaint review board shall be composed of three members: One member selected by the chief administrator of the agency; one member selected by the aggrieved officer; and a third member to be selected by the other two members. Agencies having more than 100 law enforcement officers shall utilize a five-member board with two members being selected by the administrator, two members being selected by the aggrieved officer, and a fifth member being selected by the other four members. The board members shall be law enforcement officers selected from any state, county, or municipal agency within the county.
[8] See Inglima, note 3, above, and Waters v. Purdy, 345 So.2d 368 (Fla. 3d DCA 1977).