481 So.2d 1298 (1986)
Larry A. GRAY, Appellant,
v.
Dr. Roniel RODRIGUEZ, Appellee.
No. 85-684.
District Court of Appeal of Florida, Third District.
January 28, 1986.
*1299 High, Stack, Lazenby, Palahach & Lacasa and Robert C. Tilghman and Glen Goldsmith, Coral Gables, for appellant.
Ponzoli & Wassenberg and Steven B. Sundook, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
PER CURIAM.
The appellant appeals a final summary judgment entered in favor of a defendant on a claim for libel and slander. The final summary judgment under review reads in part as follows:
SUBJECT MATTER
"1. The within suit is a claim for libel and slander for comments and a report made by the Defendant to the Metropolitan Dade County Police Department in order to initiate disciplinary proceedings against the Plaintiff Police Officer for alleged misconduct of the Police Officer in his official capacity while arresting the Defendant in an alleged domestic disturbance.
2. The claim for relief is made in the complaint under F.S. 112.532(3)(1983), the so-called "Policeman's Bill of Rights".
3. The matter was duly investigated by the Internal Review Panel ... pursuant to an official Grievance Report submitted by the Defendant on a form supplied by the Panel to the Defendant for completion. The result was favorable to the Plaintiff.
LEGAL ISSUES
A. If the procedure followed by the Defendant involved a Judicial or Quasi-Judicial proceeding, then an absolute privilege attaches and there can be no cause of action herein, even assuming malice, for all statements that were made relevant to those proceedings.
* * * * * *
BACKGROUND
I. F.S. 112.532 was enacted to provide a means for Police Officers to recover damages and also to provide them with a system comporting with due process for "... receiving, investigating and determining complaints from any person". Mesa v. Rodriquez, 357 So.2d 711, 713 (Fla. 1978). The statute was not intended and, in fact, "... expresses no intent that the right (to petition the government for redress of grievances under the First Amendment to the United States Constitution or under the Declaration of Rights Art. I, § 5 of the Florida Constitution) be restricted in any way, nor can a restriction be inferred from it." Mesa supra 713.
In Mesa, the Supreme Court ruled that F.S. 112.532 passed a constitutional muster both facially and as applied because therein the Defendant Rodriguez (same name but not the same person) did not choose to ". .. have lodged a complaint with the investigation system setup pursuant to the statute... . Mesa supra 713. Herein, the Defendant did exactly what the Supreme Court indicated he should do and followed the procedures set up by the Metropolitan Dade County Government.
The public has an absolute constitutional right to petition for the redress of grievances. The Police have a right to be protected from libel and slander. F.S. 112.532, as interpreted by the Supreme Court in Mesa, supra, tries to trail blaze a path to protect both rights.
The public's right is protected without fear of suit (if the probata fails to match the allegata) so long as the administrative procedure is followed. Otherwise, there would be not only a chilling effect on citizens' complaints but a freezing over.

*1300 The police are protected from wholesale broadcast of inappropriate and injudicious innuendo.
* * * * * *
DECISION
The Court finds that the Defendant followed the system set up by the Dade County Ordinance, the system itself was quasi-judicial in nature, and therefore an absolute privilege attached. As a result, the Motion for Summary Judgment be and is hereby granted and judgment is entered for the Defendant and the parties shall go hence without day."
We find that the trial court was eminently correct in its holding that the defendant had an absolute privilege[1] when he filed a complaint with the Internal Review Panel in accordance with the procedures established by the county pursuant to Chapter 112 of the Florida Statutes. See and compare Campo v. Rega, 79 A.D.2d 626, 433 N.Y.S.2d 630 (1980); Miner v. Novotny, 304 Md. 164, 498 A.2d 269 (1985); Lewis v. Benson, 701 P.2d 751 (Nev. 1985).
Affirmed.
NOTES
[1] The trial court considered whether the complainant would have had a qualified privilege because of charges lodged with another administrative body established by county ordinance. We do not address this subject because the plaintiff's original complaint only alleged a libel and slander in reference to the complaint before the Internal Review Panel.