PER CURIAM.
Plaintiff Raul Garcia,[1] appeals the granting of defendant’s motion for summary judgment.
Prior to being accepted as a police trainee with the Metro Dade Police Department, Raul Garcia was employed by Walder Electronics as a store manager. However, soon after becoming employed with the Metro Dade Police, Officer Dieppa, a personnel officer, received a brief anonymous phone call alleging that Garcia had been involved in certain thefts of goods from the electronics store he had previously managed.[2] The caller instructed Officer Dieppa to call a Mr. Alan Hill, a representative of Walder Electronics, regarding the alleged thefts. Dieppa called Hill. Hill told Dieppa that Garcia had, prior to his leaving the company and without authorization, removed certain merchandise from the store, taken it home, and had not returned it. Dieppa also learned during the conversation with Hill that several company employees visited Garcia’s home, noticed the equipment, whereupon Garcia immediately paid for it. Dieppa then filed a report which was forwarded to Officer Knabe, another personnel officer. Knabe prepared a background investigation report based on the information he received from Dieppa. No further investigation was made. Later, because Metro Dade policy resolves all doubts regarding a trainee’s integrity in favor of excluding the trainee, Commander Lou Diecidue and Detective Randy Egues recommended Raul Garcia’s employment as a Metro Dade Police Officer Trainee be terminated. Subsequently Garcia sought to be reinstated and requested that the president of Walder Electronics, Jack Schneider, meet with Detective Egues and with Commander Diecidue. At this *725 meeting Schneider did not specifically state that Garcia stole from Walder Electronics, however he also did not say that Garcia had authorization to take the merchandise home. This meeting, however, had no effect on Garcia’s termination. Garcia then filed suit against Schneider, Hill and Wald-er, alleging defamation as well as negligent supervision and tortious interference with a business relationship. Meanwhile Garcia applied to the Florida Highway Patrol. Accordingly FHP requested Metro Dade’s records. Garcia alleges he was denied employment based on the report filed by Knabe and Dieppa. Garcia also, during this time, continued to seek reinstatement, and several times requested a hearing to this effect even though this remedy was not then, and is not now, available to probationary trainee officers. See Purdy v. Cole infra. Subsequently Garcia amended his complaint naming Officers Dieppa, Knabe, Egues and Diecidue as well as Metro Dade as defendants. Garcia alleged defamation, negligence, unlawful deprivation of an alleged property interest in his employment as of police officer trainee, and, finally, unlawful deprivation of an alleged liberty interest by failing to provide him with a name clearing hearing. All defendants subsequently moved for summary judgment on all claims asserting various defenses including qualified privilege, no publication, and that Garcia had failed to request a name clearing hearing. Summary judgment was granted notwithstanding plaintiff’s motion for continuance. This appeal followed.
On this record we find no error in the trial court’s granting of the several summary judgments in favor of various defendants. Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Boehm v. American Bankers Insurance Group, 557 So.2d 91 (Fla. 3d DCA 1990); Gray v. Rodriguez, 481 So.2d 1298 (Fla. 3d DCA 1986); Southern California Funding Inc. v. Hutto, 438 So.2d 426 (Fla. 1st DCA 1983); Purdy v. Cole, 317 So.2d 820 (Fla. 3d DCA 1975); Buxton v. City of Plant City, 871 F.2d 1037, 1046 (11th Cir. 1989); Section 943.13(7), Florida Statutes (1985). As to Walder and its employees, we think the responses were absolutely privileged, See Gray v. Rodriguez supra, Boehm v. American Bankers Insurance Group supra, and Lewis v. Benson, 101 Nev. 300, 701 P.2d 751 (1985). Certainly there was no showing of maliciousness to nullify a qualified privilege. Boehm v. American Bankers Insurance Group supra. We also find that at the time of the termination in 1985, there was no clear cut requirement that a name clearing hearing be afforded. See Buxton supra. We do note in the record that the county as late as May, 1989 offered the plaintiff Garcia a name clearing hearing, which he declined. We therefore modify the final summary judgment in favor of the county with directions to order the county to afford such a hearing,[3] if Garcia makes a request for same, within a reasonable time to be fixed by the court.
The other grounds urged for reversal are found to be without merit. See Demesme *726 v. Stephenson, 498 So.2d 673, 676 (Fla. 1st DCA 1986) and Florida Rules of Civil Procedure, Rule 1.510(f) as to the motion for continuance.
Affirmed as modified.

. He was joined in the action by his wife Annette seeking loss of consortium damages. In this opinion any reference to Garcia, is to Raul Garcia.

. The only language in the record regarding the anonymous phone call is found within Officer Dieppa’s deposition wherein he said the following: "Could have been Walder Electronics and said that he, Raul Garcia, who had applied with the department and possibly hired by the department, worked for that company and had been involved in numerous thefts.”

. The county correctly points out that an employer at the time of the termination in the instant case, was under no obligation to "initiate the hearing process of its own accord.” In re Selcraig, 705 F.2d 789, 769 (5th Cir.1983). And further, that a hearing was required "only upon request." Id., quoted with approval in, Campbell v. Pierce County, 741 F.2d 1342, 1345 (11th Cir.1984). The onus was upon the employee to discover and initiate such name clearing proceedings. However found in Selcraig, supra, is language which could be construed as requiring an employer to inform the employee of his right to such a name clearing hearing. Specifically, "the state need only to make known to the stigmatized employee that he may have an opportunity to be heard to clear his name upon request.” Though Selcraig, supra, may leave room for some argument, Buxton v. City of Plant City Florida, 871 F.2d 1037 (11th Cir.1989), does not. Buxton clearly states, "We hold that a public employer is required to provide the opportunity for a post-termination name clearing hearing when stigmatizing information is made part of the public record, or otherwise published. Notice of the right to such a hearing is required.” Buxton at 1046. Therefore when construing the due process clause of the fourteenth amendment, it would appear that today a public employer has the affirmative duty to inform a discharged employee of his right to seek a post-termination name clearing hearing.