**Myron S. GRITCHEN, et al., Plaintiff,**

v.

**Gordon W. COLLIER,
et al., Defendants.**

**No. SA CV 98–864–GLT[JW].**

United States District Court,
C.D. California,
Southern Division.

Oct. 18, 1999.

---

Peter J. Eliasberg, ACLU Foundation of Southern California, Los Angeles, CA, for plaintiff.

Larry J. Roberts, Law Offices of James E. Trott, Fountain Valley, CA, for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TAYLOR, District Judge.

Plaintiff's Motion for Summary Judgment is GRANTED.

The Court finds California Civil Code § 47.5, specially authorizing a defamation action by a police officer targeted by a citizen's false complaint, is unconstitutional.

## I. *BACKGROUND*

In 1998 Plaintiff motorist was stopped by Defendant, a Long Beach Police Department officer. Plaintiff later filed a citizen complaint about the officer's conduct during the traffic stop. The police department found there was no misconduct.

Defendant (through his attorney) sent a letter to Plaintiff threatening a defamation suit under Cal.Civ.Code § 47.5, which states in relevant part:

Notwithstanding Section 47, a peace officer may bring an action for defamation against an individual who has filed a complaint with that officer's employing agency alleging misconduct, criminal conduct, or incompetence, if that complaint is false, the complaint was made with knowledge that it was false and that it was made with spite, hatred, or ill will.

Cal.Civ.Code § 47 is a general provision establishing that most publications and broadcasts arising out of official government duties or proceedings are privileged, and therefore cannot be the subject of a defamation action. Section 47.5 creates an exception to the normal privileged status of citizen complaints about public officials by allowing police officer defamation suits against individuals who falsely charge them with misconduct.

Attached is an Appendix prepared by Plaintiff's attorneys summarizing all states' laws governing citizen complaints against police officers and other public officials. Some states have an absolute or qualified privilege for citizen complaints against public officials. Others decline to adopt any statutory privilege. California's statutory scheme is unlike any other state's, applying one defamation rule to complaints against peace officers, and another rule to complaints against all other public officials.[1]

Plaintiff responded to the Defendant's threat of a defamation suit with this challenge to the constitutionality of § 47.5.[2] The relevant facts are undisputed and the parties agree the case presents only questions of law. Plaintiff has moved for summary judgment, and Defendant has requested in his Opposition that the Court enter judgment in his favor.

## II. *DISCUSSION*

Plaintiff sues under 42 U.S.C. § 1983, creating a cause of action for any party "depriv[ed] of any rights, privileges, or immunities secured by the Constitution" by someone acting "under color of any statute ... of any State." Plaintiff alleges his First Amendment right to free speech has been impaired by § 47.5 and Defendant's actions.

### 1. *Standing*

■ Article III of the Constitution and 28 U.S.C. § 2201 both require that a plaintiff in federal court present an "actual controversy." See *Steffel v. Thompson,* 415 U.S. 452, 458, 94 S.Ct. 1209, 1215, 39 L.Ed.2d 505 (1974).

---

1. The only other state that has a law pertaining to police officer lawsuits is Florida. In contrast to California, Florida does not treat complaints against police officers differently from complaints against other public officials, and does not specifically target citizen complaints or any other form of speech. Florida's law, instead, states that: "Every law enforcement officer or correctional officer shall have the right to bring civil suit against any person ... for damages, either pecuniary or otherwise, suffered during the performance of the officer's official duties or for abridgment of the officer's civil rights arising out of the officer's performance of official duties." Fla. Stat. § 112.532(3). As the Florida Supreme Court has construed it, this section "confers on [the police officer] no right to sue for defamation greater than any right he possesses under Florida law without it." *Mesa v. Rodriguez,* 357 So.2d 711, 713 (Fla.1978). Because Florida's law does not give police officers any special right to sue, it was upheld by the Florida Supreme Court. *Id.*

2. In January 1999 the Court certified to the California Attorney General that the constitutionality of § 47.5 was "drawn into question" by this action. The Attorney General has elected to take no part in these proceedings.

■ Defendant argues Plaintiff has not presented a justiciable controversy because no action has actually been brought against him under § 47.5, and § 47.5 does not directly restrict Plaintiff's freedom of expression. Plaintiff argues Defendant's threats to sue for defamation are sufficient to create a justiciable claim.

■ In determining whether a claim of this sort is justiciable, the issue is "whether any perceived threat to [plaintiff] is sufficiently real and immediate to show an existing controversy" and is not just "imaginary or speculative." *Blum v. Yaretsky*, 457 U.S. 991, 1000, 102 S.Ct. 2777, 2784, 73 L.Ed.2d 534 (1982) (citation omitted).

The threat of a defamation suit by Defendant is more than "imaginary or speculative." Defendant has indicated his intent to file such a suit several times to Plaintiff, and has preserved his ability to do so by placing a temporary hold on his action pending the result of this case. It appears that the threat is immediate enough to create a justiciable controversy. *Bland v. Fessler*, 88 F.3d 729, 736–37 (9th Cir.1996).

■ Plaintiff need not wait until Defendant actually files suit. The threat of a lawsuit is not just speculative. There is a justiciable controversy.[3]

### 2. *Color of state law*

■ A § 1983 defendant acts under color of state law if he "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (citation omitted).

■ Defendant fits this description. All the relevant events in this case arose out of Defendant's performance of his job as a police officer. This case involves a provision of state law that was created for, and applies solely to, peace officers.

Defendant has presented no authority to suggest otherwise. Though he rightly argues not all actions taken by state government employees are necessarily under color of state law, all of the examples he provides are cases in which the defendants' actions were well outside the performance of their official duties.[4]

The events in this case, starting with the traffic stop, followed by the citizen complaint, and ending in the threats of a defamation suit under § 47.5, are all unavoidably tied to Collier's position as a police officer. For purposes of this action, Defendant's conduct was under color of state law.

### 3. *Constitutionality*

■ In general, states are free to regulate defamatory speech, so long as that regulation meets the constitutional standards in *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

■ California law generally protects citizen complaints about the conduct of public officials against lawsuits for defamation or libel. See Cal.Civ.Code § 47 (establishing privilege encompassing such complaints). Cal.Civ.Code § 47.5 creates a

---

**3.** Where a statute's existence has a "chilling effect on free expression," it may be challenged even by someone not immediately threatened by it. *Dombrowski v. Pfister*, 380 U.S. 479, 487, 85 S.Ct. 1116, 1121, 14 L.Ed.2d 22, 29 (1965). Section 47.5 has such an effect, since it imposes greater risk upon citizens who report claimed police misconduct and thereby discourages the filing of complaints.

**4.** Defendant relies primarily on *Johnson v. Knowles*, 113 F.3d 1114 (9th Cir.1997) (find-

ing that ousters of homosexual members by a Republican party committee were not under color of state law because political parties are private, not public entities); and *Laxalt v. McClatchy*, 622 F.Supp. 737 (finding a U.S. Senator's demand letter, before filing a defamation action for stories linking him to organized crime, was not under color of state law). This case is distinguishable from both of those, since Collier's actions are inextricably linked to his official position and duties.

specific exception to this general protection for citizen complaints made against peace officers.[5]

Section 47.5 restricts defamatory speech against one group of public officials (peace officers), while leaving intact the protections for defamatory speech against other public officials. Within a broad category of proscribable speech (defamation), California has generally chosen not to proscribe that speech when targeted at public officials. Cal.Civ.Code § 47. It has, however, carved out an exception for peace officers. Cal.Civ.Code § 47.5.

█ This is a form of content-based discrimination, since speech about one group of public officials is treated differently than speech about other public officials. State government content-based discriminations against speech must be examined carefully to determine whether they violate the First Amendment, which is incorporated concerning the states by the Fourteenth Amendment.

The Supreme Court set the test for determining the constitutionality of content-based discriminations against speech in *R.A.V. v. City of St. Paul*, 505 U.S. 377, 387–90, 112 S.Ct. 2538, 2545–47, 120 L.Ed.2d 305 (1992). Most content-based discrimination is prohibited, but the prohibition "is not absolute" and "applies differently in the context of proscribable speech than in the area of fully protected speech." *Id.*, 505 U.S. at 387, 112 S.Ct. at 2545.

█ Content discrimination against a particular type of proscribed speech is permissible when the basis for it "consists entirely of the very reason the entire class of speech at issue is proscribable." *Id.*, 505 U.S. at 388, 112 S.Ct. at 2545. Content-based discrimination is also permissible if the discrimination is based on "secondary effects" and is "justified without reference to the content of the ... speech." *Id.*, 505 U.S. at 389, 112 S.Ct. at

2546 (citations omitted). Finally, content-based discrimination might be permissible in other situations, "so long as the nature of the content discrimination is such that there is no realistic possibility that official suppression of ideas is afoot." *Id.*, 505 U.S. at 390, 112 S.Ct. at 2547.

The basis for the content discrimination in this case does not "consist entirely of the very reason" that defamatory speech is proscribable. Defamatory statements are proscribable because they are false and injurious to their targets. Nothing about the position of a peace officer is inherently tied to the policies underlying the law of defamation, as compared to the position of other government officers.

Nor does the basis for the content discrimination in this case arise out of the policies underlying § 47 and the prevention of defamation suits against citizen complainants by other public officials. That provision and the privilege it creates are designed to "assure utmost freedom of communication between citizens and public authorities whose responsibility is to investigate and remedy wrongdoing." *Imig v. Ferrar*, 70 Cal.App.3d 48, 55, 138 Cal.Rptr. 540 (1977). See also *Silberg v. Anderson*, 50 Cal.3d 205, 213, 266 Cal.Rptr. 638, 786 P.2d 365 (1990) (stating the § 47 privilege for statements in judicial proceedings is designed to "afford ... freedom of access to the courts without fear of being harassed subsequently by derivative tort actions"). The peace officer exception in § 47.5 does not serve this policy.

The content discrimination in this case is not based on "secondary effects." Because it is a provision authorizing defamation suits, § 47.5 is inherently *about* speech—it is a direct restriction on the speech of citizen complainants. It is similarly not "justified without reference to the content of the speech," since it is triggered by the

---

5. Section 47.5 is not the only exception, but it is the only one which applies to a group of people. Section 47 itself contains several exceptions to the privilege, including certain unsworn or malicious allegations in divorce proceedings, communications in furtherance of destruction of evidence, and knowing concealment of an insurance policy in a judicial proceeding.

content of a citizen's complaint—only when a complaint involves a peace officer does the provision apply.

Finally, it cannot be said that the content discrimination in § 47.5 is of a sort where there is "no realistic possibility that official suppression of ideas is afoot." Though § 47.5 may serve the goal of protecting peace officers from unfounded complaints, it is realistic to conclude it might also be used to discourage legitimate complaints.

Section 47.5 can survive constitutional challenge only if it is "narrowly tailored to serve compelling state interests." *R.A.V.,* *supra,* 505 U.S. at 395, 112 S.Ct. at 2549. The Court finds that it is not. Section 47.5 may in fact hinder the policies underlying § 47 by partially blocking the "open channel" of communication between citizens and their government, at least as to one group of public officials. No showing has been made that there is a serious problem of false complaints against police.

Even if the state interest behind the content discrimination in § 47.5 were compelling, the provision is not narrowly tailored to fit that interest. Significant protections from false complaints are already afforded to police officers by their internal oversight agencies, in addition to the possibility of perjury charges for false complainants. See Plaintiff's Reply, pp. 24–25. If these protections are insufficient, California may strengthen existing safeguards or provide procedures to ensure police officers' careers are not put in jeopardy until after a complaint's truth is verified.

By treating citizen complaints against police officers differently from complaints against all other government officers, § 47.5 makes an impermissible content-based discrimination against a type of speech. As presently written, it is facially unconstitutional, violating the First and Fourteenth Amendments.

Plaintiff's Motion for Summary Judgment is GRANTED.

## APPENDIX

### STATE–BY–STATE PRIVILEGES FOR CITIZENS COMPLAINTS

| | Statutory Privileges | Common Law Privileges |
|---|---|---|
| **Alabama**<br><br>**No special provision for police officers** | no applicable provision located | Actual malice/qualified privilege standard of *New York Times v. Sullivan* applies to comments and complaints directed toward public officials. *Camp v. Yeager*, 601 So. 2d 924 (Ala. 1992).<br>**Qualified privilege.** |
| **Alaska**<br><br>**No special provision for police officers** | no applicable provision located | Actual malice standard of *New York Times v. Sullivan* applies to comments and complaints directed toward public officials. *Beard v. Baum*, 796 P.2d 1344 (Alaska 1990).<br>**Qualified privilege.** |
| **Arizona**<br><br>**No special provision for police officers** | no applicable provision located | Statements about public officials are conditionally privileged under Arizona law and police officers are recognized as public officials. *Olive v. City of Scottsdale*, 969 F.Supp. 564 (D.Ariz. 1996). *See also Melton v. Slonsky*, 504 P.2d 1288 (Ariz. Ct. App. 1973); *Selby v. Savard*, 134 Ariz. 222 (1982).<br>**Conditional Privilege.** |
| **Arkansas**<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times* and police officers are public officials. *Karr v. Townsend*, 606 F.Supp 1121 (W.D.Ark. 1985). |
| **California**<br><br>**Statutory exception to statutory absolute privilege for police officers** | **California Civil Code §47** provides an absolute privilege for statements made in the course of official proceedings.<br><br>**California Civil Code §47.5**, enacted in 1982, makes an exception to the §47/*Imig* rule for complaints of misconduct by a "peace officer" | **Absolute privilege** applies to "communications between citizens and public authorities whose responsibility is to investigate and remedy wrongdoing " *Imig v. Ferrar*, 70 Cal. App. 3d 48, 56 (1977). |

| | | |
|---|---|---|
| **Colorado**<br><br>**No special provision for police officers** | no applicable provision located | Actual malice standard of *New York Times v. Sullivan* applies to comments and complaints directed toward public officials. *Manuel v. Fort Collins Newspapers Inc.*, 661 P.2d 289 (Colo. App. 1982). Police officers are public officials. *Willis v. Perry*, 677 P.2d 961(Colo. App. 1983). **Qualified privilege** |
| **Connecticut**<br><br>**No special provision for police officers** | no applicable provision located | **Absolute privilege** is an affirmative defense, which applies to statements made in connection with administrative proceedings that are quasi-judicial in nature, including statements made in connection with an agency's quasi-judicial investigatory powers. *Petyan v. Ellis*, 200 Conn. 243, 246 (1986); *Magnan v. Anaconda Industries, Inc.*, 37 Conn. Supp. 38, 45-46 (1980); *see also Bieluch v. Smith*, 1993 Conn. Super. Lexis 1319 (written complaint to the state police, concerning alleged misconduct of a state police officer was entitled to an absolute privilege because a quasi-judicial proceeding was involved). The privilege may be lost by unnecessary or unreasonable publication to one for whom the occasion is not privileged. *Kelley v. Bonney*, 221 Conn. 549 (1992). |
| **Delaware**<br><br>**No special provision for police officers** | no applicable provision located | *New York Times v. Sullivan*, actual malice standard applies to comments and complaints about public officials. *Jackson v. Filliben*, 281 A.2d 604 (Del. Super. Ct. 1971). **Qualified privilege.** |

| | | |
|---|---|---|
| **D.C.**<br><br>**No special provision for police officers** | no applicable provision located | *New York Times v. Sullivan*, actual malice standard applies to comments and complaints about public officials. *See White v. Fraternal Order of Police*, 707 F.Supp. 579 (D.D.C. 1989).<br><br>One who writes communications to police officials concerning alleged misconduct of a police officer is entitled to a qualified privilege against liability for libel and slander. *Sowder v. Nolan*, 125 A.2d 52 (App. D.C. 1956). |
| **Florida**<br><br>**No special rights for police officers, as statute is interpreted by State Supreme Court** | **"Policeman's Bill of Rights,"** F.S. 112.532(3)(1983) provides that "Every law enforcement officer or correctional officer shall have the right to bring civil suit against any person, group of persons, or organization or corporation, or the head of such organization or corporation, for damages, either pecuniary or otherwise, suffered during the performance of the officer's official duties or for abridgement of the officer's civil rights arising out of the officer's performance of official duties. **Held:** facially constitutional by Florida Supreme Court because the Court found the provision to be merely a codification of the common law: "the statute confers on Mesa no right to sue for defamation greater than any right he possesses under Florida law without it." *Mesa v. Rodriguez*, 357 So. 2d 711, 713 (Fla. 1978); as applied challenge not decided. | Police officers are public officials "subject to fair comment and criticism from any member of the public..." *White v. Fletcher*, 90 So. 2d 129, 131 (Fla. 1956); See also *Harrison v. Williams*, 430 So. 2d 585 (Fla. Dist. Ct. App. 1983).<br><br>A citizen complaint filed through the system set up by a Dade County ordinance (Internal Review Panel), was subject to absolute privilege because the IRP proceedings constituted proceedings authorized by law. *Gray v. Rodriguez*, 481 So. 2d 1298 (Fla. Dist. Ct. App. 1986). *Russell v. Smith*, 434 So. 2d 342 (Fla. Dist. Ct. App. 1983), held that three letters of complaint written to Chief of Police, Plaintiff Police Officer, and two judges (only one of whom had an, arguably, legitimate legal interest in the subject matter) were subject to a qualified privilege under *New York Times v. Sullivan*. |

| Georgia<br><br>**No special provision for police officers** | **O. C. G. A. § 51-5-7(9)** provides that "Comments upon the acts of public men or public women in their public capacity and with reference thereto" are deemed privileged. | Privileged communications enumerated in this section are **conditional privileges.** *Lamb v. Fedderwitz,* 68 Ga. App. 233 (1942), aff'd, 195 Ga. 691 (1943); *Atlanta Journal Co. v. Doyal,* 82 Ga. App 321, 60 S.E2d 802 (Ga. Ct. App. 1950). |
|---|---|---|
| | **O. C. G. A. § 51-5-5** provides "In all actions for printed or spoken defamation, malice is inferred from the character of the charge. However, the existence of malice may be rebutted by proof. In all cases, such proof shall be considered in mitigation of damages. In cases of privileged communications, such proof shall bar recovery." | Public official can recover only upon clear and convincing proof that the defamatory falsehood was made with knowledge of its falsity or in reckless disregard for the truth. *Rogers v. Adams,* 98 Ga. App. 155, (1958); *Williams v. Trust Co.,* 140 Ga. App. 49 (1976). |
| Hawaii<br><br>**No special provision for police officers** | **H.R.S. 663-1** codifies the general right of all persons to redress their grievances through the courts | *New York Times v. Sullivan,* actual malice standard applies to comments and complaints about public officials. *Mehau v. Gannett Pac. Corp.,* 658 P.2d 312 (Haw. 1983).<br>**Qualified privilege.** |
| Idaho<br><br>**No special provision for police officers** | no applicable provision located | No specific comment found regarding privileged status of citizen complaints. |

| | | |
|---|---|---|
| **Illinois**<br><br>**No special provision for police officers** | no applicable provision located | Citizen complaints about police and public officials are subject to a **qualified privilege** so long as the "occasion" in question creates some recognized duty or interest so as to make the communication privileged, i.e. interest of the communicator is involved; interest of the person to whom communication was made is involved; or , public interest is involved. *Doe v. Kutella*, 1995 U.S. Dist. Lexis 18950 (N.D.Ill.). *See also Coursey v. Greater Niles Township Publishing Corp.*, 40 Ill. 257 (1968); *Flannery v. Allyn*, 47 Ill. App. 2d 308 (1964). |
| **Indiana**<br><br>**No special provision for police officers** | no applicable provision located | *New York Times v. Sullivan* actual malice standard applies to comments and complaints about public officials. *WTHR-TV v. Cline*, 693 N.E.2d 1 (Ind. 1998); *Conwell v. Beatty*, 667 N.E.2d 768 (Ind. Ct. App. 1996) **Qualified privilege.** |
| **Iowa**<br><br>*No special provision for police officers* | no applicable provision located | Comments and complaints regarding public officials or the "common public interest" are subject to a **qualified privilege**. *Brown v. First Nat'l. Bank of Mason City,*193 N.W.2d 547 (Iowa 1972); *Kelly v. Iowa State Educ. Assn.*, 372 N.W.3d 288 (Ia. App. 1988). |

| | | |
|---|---|---|
| **Kansas**<br><br>**No special provision for police officers** | no applicable provision located | *New York Times v. Sullivan* actual malice standard applies to comments and complaints about public officials. *Ruebke v. Globe Communications Corp.,* 738 P.2d 1246 (Kan. 1987).<br>Police officers are public officials. *Rawlins v. Hutchinson Publishing Co.,* 218 Kan. 295; *Redmond v. Sun Publishing Co.,* 716 P.2d 168 (Kan. jn 1986).<br>**Qualified privilege** |
| **Kentucky**<br><br>**No specific provision for police officers** | no applicable provision located | Actual malice standard of *New York Times v. Sullivan* applies to comments and complaints directed toward public officials. *Bichler v. Union Bank and Trust Co. of Grand Rapids,* 745 F.2d 1006 (6th Cir. 1984).<br>**Qualified privilege.** |
| **Louisiana**<br><br>**No special provision for police officers** | **La.R.S. 14:49** provides that "A qualified privilege exists and actual malice must be proved, regardless of whether the publication is true or false, in the following situations: (2) Where the publication or expression is a comment made in the reasonable belief of its truth, upon, (a) The conduct of a person in respect to public affairs; ... (3) Where the publication or expression is made to a person interested in the communication, by one who is also interested or who stands in such a relation to the former as to afford a reasonable ground for supporting that his motive is innocent. | *New York Times* rule applies to comment upon the actions of public officials and police officers are public officials. *Landrum v. Board of Com'rs. of the Orleans Levee Dist.,* 685 So.2d 382 (La. Ct. App. 1996); *Thompson v. St. Amant,* 250 La: 405 (1967). |
| **Maine**<br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times* and police officers are public officials. *Roche v. Egan,* 433 A.2d 757 (Me. 1981). |

| | | |
|---|---|---|
| **Maryland**<br><br>**No special provision for police officers** | no applicable provision located | **Absolute privilege** applies to citizen complaints about police brutality, where the complaint is made under oath and initiates an administrative disciplinary proceeding. *Miner v. Novotny*, 498 A.2d 269 (Md. 1985). |
| **Massachusetts**<br><br>**No special provision for police officers** | no applicable provision located | **Conditional privilege** where the publisher and recipient have a common interest in the subject matter of the publication and the publication is in furtherance of that interest. *Foley v. Polaroid*, 400 Mass. 82 (1987). |
| **Michigan**<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege.** *Lawrence v. Fox*, 357 Mich. 134 (1959). Police officers are "public officials." *Id.* at 143-144. |
| **Minnesota**<br><br>**No special provision for police officers** | no applicable provision located | No specific comment found regarding privileged status of citizen complaints. |
| **Mississippi**<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times* and police officers are public officials. *Ethridge v. North Miss. Comms.*, 460 F.Supp 347 (N.D.Miss. 1978). |
| **Missouri**<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times* and police officers are public officials. *Shafer v. Lamart Pub. Co.*, 621 S.W.2d 709 (Mo. Ct. App. 1981); *Racciotti v. Zinn*, 550 S.W.2d 217 (Mo. Ct. App. 1977); *Rowden v. Amick*, 446 S.W.2d 849 (Mo. Ct. App. 1969). |

| | | |
|---|---|---|
| **Montana**<br><br>**No special provision for police officers** | M.C.A. 27-1-804 provides that a privileged communication is one made: (3) in a communication without malice to a person interested therein by one who is also interested or by one who stands in such relation to the person interested to afford a reasonable ground for supposing the motive for the communication innocent or who is requested by the person interested to give the information; | No case law located specifically addressing whether citizen complaints would be covered by section |
| **Nebraska**<br><br>**No special provision for police officers** | no applicable provision located | No specific comment found regarding privileged status of citizen complaints. |
| **Nevada**<br><br>**No special provision for police officers** | no applicable provision located | Complaints about police officers made to internal affairs, as well as complaints about public officials generally when aired in the proper forum, are subject to **absolute privilege**. *Lewis v. Benson*, 101 Nev. 300 (1985). |
| **New Hampshire**<br><br>**No special provision for police officers** | no applicable provision located | New Hampshire rule is that determination of public official status is a jury question to be decided in light of the circumstances of each case, thus police officers do not as a matter of law qualify as public official for purposes of *New York Times* rule. *Nash v. Keene Pub. Corp.*, 127 N.H. 214 (1985).<br>**Qualified privilege** applies where jury finds public official status. *Id.* at 222. |
| **New Jersey**<br><br>**No special provision for police officers** | no applicable provision located | *New York Times v. Sullivan* rule applies to comment upon the actions of public officials and police officers qualify as public officials. *Costello v. Ocean County Observer*, 136 N.J. 594 (1994).<br>**Qualified privilege.** |

| | | |
|---|---|---|
| **New Mexico**<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times v. Sullivan* and police officers are public officials. *Ammerman v. Hubbard Broadcasting*, 91 N.M 250 (1977). |
| **New York**<br><br>**No special provision for police officers** | no applicable provision located | Citizen complaints about public officials, including police officers, aired in the proper forum, are protected by an **absolute privilege.** *Campo v. Rega*, 79 A.D.2d 626 (N.Y. App. Div. 1980). |
| **North Carolina**<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints regarding public officials are subject to a **qualified privilege** under *New York Times* and law enforcement personnel are public officials for purposes of the privilege. *Penland v. Long*, 922 F.Supp. 1085 (W.D.N.C. 1996). |
| **North Dakota**<br><br>**No special provision for police officers** | no applicable provision located | No specific comment found regarding privileged status of citizen complaints. |
| **Ohio**<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints directed toward public officials are subject to a **qualified privilege** and law enforcement personnel qualify as public officials. *Waterson v. Cleveland State University*, 93 Ohio App. 3d 792 (1994). |
| **Oklahoma**<br><br>**No special provision for police officers** | **12 O.S. 1981 § 1443.1** provides that<br><br>A. A privileged publication or communication is one made:<br>First. In any legislative or judicial proceeding or any other proceeding authorized by law,<br><br>B. No publication which under this section would be privileged shall be punishable as libel | Where the filing of a complaint against a police officer is a "proceeding authorized by law," such a complaint is subject to an **absolute privilege.** *White v. Basnett*, 700 P.2d 666 (1985). |

| Oregon<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times v. Sullivan* and police officers are public officials. *McNabb v. Oregonian Pub.*, 685 P.2d 458 (1984). |
|---|---|---|
| Pennsylvania<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times v. Sullivan* and police officers are public officials. *Coughlin v. Westinghouse Broadcasting and Cable, Inc.*, 780 F.2d 340 (3rd Cir. 1985). |
| Rhode Island<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times v. Sullivan* and police officers are public officials. *Hall v. Rogers*, 490 A.2d 502 (R.I. 1985). |
| South Carolina<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times v. Sullivan* and police officers are public officials. *McClain v. Arnold*, 275 S.C. 282 (1980). |
| South Dakota<br><br>**No special provision for police officers** | no applicable provision located | No specific comment found regarding privileged status of citizen complaints. |
| Tennessee<br><br>**No special provision for police officers** | no applicable provision located | *New York Times v. Sullivan* rule applies to complaints about public officials and a highway patrolman is a public official. *Roberts v. Dover*, 525 F.Supp 987 (MD Tenn, 1981).<br>**Qualified privilege** |

| | | |
|---|---|---|
| **Texas**<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times v. Sullivan* and police officers are public officials. *Times Herald Printing Co. v. Bessent*, 601 S.W.2d 487 (Tex. Civ. App. 1980). |
| **Utah**<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times v. Sullivan* and police officers are public officials. *Madsen v. United Television*, 797 P.2d 1083 (Utah 1990). |
| **Vermont**<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times* and police officers are public officials. *Columbo v. Times-Argus Ass'n.*, 135 Vt. 454 (1977). |
| **Virginia**<br><br>**No special provision for police officers** | no applicable provision located | No specific comment found regarding privileged status of citizen complaints. |
| **Washington**<br><br>**No special provision for police officers** | no applicable provision located | No specific comment found regarding privileged status of citizen complaints. |
| **West Virginia**<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times* and police officers are public officials. *Starr v. Beckley Newspaper Corp.*, 157 W.Va. 447 (1974). |
| **Wisconsin**<br><br>**No special provision for police officers** | no applicable provision located | Comments and complaints about public officials are subject to a **qualified privilege** under *New York Times* and police officers are public officials. *Pronger v. ODell*, 1127 Wis. 2d 292 (1985). |
| **Wyoming**<br><br>**No special provision for police officers** | no applicable provision located | Comments regarding public officials are subject to a **qualified privilege** and street level police officers are public officials. *Gray v. Udevitz*, 656 F.2d 588 (10th Cir. 1981). |