Chief Dorene Thomas Pinellas Park Chief of Police 7700 59th Street Pinellas Park, Florida 33781
Dear Chief Thomas:
In light of recent amendments to sections 112.532 and 112.533, Florida Statutes, you have asked for my opinion on two questions relating to previously issued opinions of this office:
1. Are the provisions of sections 112.532 or 112.533, Florida Statutes, as amended by Chapter 2003-149, Laws of Florida, violated by a police department policy providing that a law enforcement officer who is the subject of a complaint be interviewed before other witnesses?
2. Do the provisions of section 112.533(4), Florida Statutes, as amended by Chapter 2003-149, Laws of Florida, relating to the disclosure of information prohibit intradepartmental communications involving individuals participating in the investigation?
Part VI of Chapter 112, Florida Statutes,[1] is commonly referred to as the "Police Officers' Bill of Rights" or the "Law Enforcement Officers' Bill of Rights,"[2] and is designed to ensure certain rights for law enforcement and correctional officers.[3] As the court stated in Longo v. City ofHallandale,[4] Part VI of Chapter 112, Florida Statutes, applies only to "intradepartmental interrogation and investigation, and [has] as its purpose the protection of subordinate officers from `third degree' tactics by superior officers. . . ."[5] (emphasis supplied by the court)
Section 112.532(1), Florida Statutes, requires that whenever a law enforcement officer or correctional officer, as defined in section 112.531(1) and (2), Florida Statutes, is under investigation and subject to interrogation by members of the employing agency for any reason that could lead to disciplinary action, demotion, or dismissal, the Section 112.532, Florida Statutes, also sets forth other rights and privileges possessed interrogation shall be conducted under the conditions prescribed by the statute[6] by law enforcement officers and correctional officers, including the establishment of complaint review boards,[7] the right of law enforcement officers and correctional officers to bring civil suits,[8] the right of law enforcement officers or correctional officers to have notice of disciplinary action,[9] and the prohibition against retaliatory action being taken against law enforcement officers and correctional officers who exercise their rights.[10]
Section 112.533(1), Florida Statutes, provides that:
"Every law enforcement agency and correctional agency shall establish and put into operation a system for the receipt, investigation, and determination of complaints received by such agency from any person, which shall be the procedure for investigating a complaint against a law enforcement and correctional officer and for determining whether to proceed with disciplinary action or to file disciplinary charges. . . ."
The requirements of the statute apply to complaints filed with the employing agency by any person, whether within or outside the agency.[11] This statute also provides that:
"A complaint filed against a law enforcement officer or correctional officer with a law enforcement agency or correctional agency and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of s. 119.07(1) until the investigation ceases to be active, or until the agency head or the agency head's designee provides written notice to the officer who is the subject of the complaint, either personnally or by mail, that the agency has either:
1. Concluded the investigation with a finding not to proceed with disciplinary action or to file charges; or 2. Concluded the investigation with a finding to proceed with disciplinary action or to file charges."[12]
Thus, the statute contemplates an integrated system for resolving complaints against law enforcement officers: receipt of the incoming complaint, an investigation of the substance of that complaint, and a determination of whether to proceed with disciplinary action or to file charges.
Question One
Your first question is whether recent amendments to provisions of the Law Enforcement Officers' Bill of Rights would change the conclusion of this office in Attorney General Opinion 2000-64. The question addressed in that opinion was whether a law enforcement agency policy violated the provisions of section112.533, Florida Statutes, relating to the receipt and processing of complaints against law enforcement officers, if the policy required that the subject officer be interviewed prior to any other witnesses. The opinion concluded that nothing in the statute dictated when the interview of the officer under investigation must be conducted.
As discussed above, section 112.532, Florida Statutes, provides generally for the rights and privileges of law enforcement officers and correctional officers. Subsection (1) of this statute sets forth the rights of law enforcement officers and correctional officers while they are the subject of an internal investigation by their employing agencies. Pursuant to section112.532(4)(b), Florida Statutes, as amended by section 1, Chapter 2003-149, Laws of Florida:
"Notwithstanding the provisions of s. 112.533(2), whenever a law enforcement officer or correctional officer is subject to disciplinary action consisting of suspension with loss of pay, demotion, or dismissal, the officer shall, upon request, be provided with a complete copy of the investigative report and supporting documents and with the opportunity to address the findings in the report with the employing law enforcement agency prior to the imposition of the disciplinary action consisting of suspension with loss of pay, demotion, or dismissal. The contents of the complaint and investigation shall remain confidential until such time as the employing law enforcement agency makes a final determination whether or not to issue a notice of disciplinary action consisting of suspension with loss of pay, demotion, or dismissal. This paragraph shall not be construed to provide law enforcement officers with a property interest or expectancy of continued employment, employment, or appointment as a law enforcement officer."
While the amendment does not establish an order in which witnesses may be called to testify in an internal investigation, this provision clearly gives an officer who is subject to disciplinary action an opportunity to address the findings of the employing law enforcement agency prior to any disciplinary action being taken. Thus, the statutory scheme has been amended to ensure that a law enforcement or correctional officer who is called to testify before other witnesses in an internal investigation has an opportunity to review and address subsequent testimony before any disciplinary action is taken by his or her agency. I would note, however, that this right of review is limited specifically to situations involving "suspension with loss of pay, demotion, or dismissal."
Subsection 112.533(2)(a), Florida Statutes, as amended, specifically provides:
"Notwithstanding the foregoing provisions, the officer who is the subject of the complaint, along with legal counsel or any otherrepresentative of his or her choice, may review the complaint and all statements regardless of form made by the complainant and witnesses immediately prior to the beginning of the investigative interview." (amendment in italics)
The addition of this language by Chapter 2003-149, Laws of Florida, would invalidate the conclusion in Attorney General Opinion 2001-17. That opinion considered whether a law enforcement officer's representative, chosen pursuant to section112.532(1)(i), Florida Statutes, was authorized to review the complaint and statements made against the officer immediately prior to commencement of an investigative interview under section112.533, Florida Statutes. Based on the language of the statute at the time the opinion was rendered, the opinion concluded that a law enforcement officer's representative was not authorized by section 112.533, Florida Statutes, to review the complaint and statements made against the officer prior to commencement of an investigative interview. In light of the changes made by the Legislature in Chapter 2003-149, Laws of Florida, the conclusion in Attorney General Opinion 2001-17 no longer reflects the current state of the law.
While the 2003 Legislature amended section 112.533, Florida Statutes, to extend the right to review the complaint and other statements to legal counsel or other representatives of the officer, the amended statute contains no requirement that an officer's interview be conducted at a particular stage in the investigation. Therefore, the conclusions of Attorney General Opinion 2000-64 continue to reflect the legal opinion of this office.
In sum, the legislative amendment of sections 112.532 and112.533, Florida Statutes, by Chapter 2003-149, Laws of Florida, does not establish a particular order in which law enforcement officers or witnesses in an internal investigation must testify. Rather, these amendments allow the officer, and his or her representative, to review the complaint and all statements regardless of form made by a complainant and witnesses immediately prior to the beginning of his or her interview. However, regardless of the order of interviews during the investigative interview phase of the investigation, a law enforcement officer is granted the right, by the amendments contained in section 1, Chapter 2003-149, Laws of Florida, to request and review a complete copy of the investigative report and supporting documents in the investigation. The officer is entitled to an opportunity to address the findings in the report with the employing law enforcement agency before the imposition of disciplinary action consisting of suspension with loss of pay, demotion, or dismissal.
Question Two
Your second question relates to the disclosure of confidential information relating to internal investigations by law enforcement agencies.
Section 112.533(2)(a), Florida Statutes, as amended by section 2, Chapter 2003-149, Laws of Florida, extends the requirement of confidentiality for information obtained pursuant to an investigation of a complaint against a law enforcement officer to include information shared with "the subject's legal counsel or a representative of his or her choice." As amended, section112.533(4), Florida Statutes, provides:
"Any person who is a participant in an internal investigation, including the complainant, the subject of the investigation and the subject's legal counsel or a representative of his or her choice, the investigator conducting the investigation, and any witnesses in the investigation, who willfully discloses any information obtained pursuant to the agency's investigation, including, but not limited to, the identity of the officer under investigation, the nature of the questions asked, information revealed, or documents furnished in connection with a confidential internal investigation of an agency, before such complaint, document, action, or proceeding becomes a public record as provided in this section commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or 775.083. However, this subsection does not limit a law enforcement or correctional officer's ability to gain access to information under paragraph (2)(a). Additionally, a sheriff, police chief, or other head of a law enforcement agency, or his or her designee, is not precluded by this section from acknowledging the existence of a complaint and the fact that an investigation is underway."
You have asked whether the prohibitions in the statute against the disclosure of information obtained during the agency's investigation addresses intradepartmental communication among those involved in the investigation.
In several previously issued Attorney General Opinions this office has recognized that while public disclosure of information obtained pursuant to an internal investigation prior to its becoming a public record is prohibited, section 112.533(4), Florida Statutes, would not preclude intradepartmental communications among those participating in the investigation. In Attorney General Opinion 96-18, this office was asked to determine whether section 112.533(4)[13] would prohibit a chief of police from discussing issues involving an active internal investigation with members of his supervisory staff. The opinion notes that the legislatively expressed intent for passage of section 112.533, Florida Statutes, was to ensure openness and availability of public records, but recognized that "the critical importance of preserving the confidentiality of police records surrounding and compiled during an active criminal investigation remains of significant concern."[14] The need to preserve confidentiality would appear to apply equally to information obtained during an internal investigation that may be disseminated within the department carrying out the investigation or divulged to others as a result of their participation in the investigation. The Legislature's extension of the confidentiality provisions to preclude any person who obtains information as a result of the internal investigation from divulging this information, whether that person is within or outside the law enforcement agency, assures that the information will not be made public prior to the conclusion of the investigation. Thus, Attorney General Opinion 96-18 concludes that while public disclosure of information obtained pursuant to an internal investigation prior to its becoming a public record is prohibited, section 112.533(4), Florida Statutes, does not preclude a chief of police from discussing such information with his supervisory staff within the police department while carrying out the internal investigation.
Similarly, in an informal opinion to the City Attorney for North Miami,[15] this office concluded that it would be appropriate for the police department's legal advisor to attend and participate in such investigations. However, the opinion cautioned that the attendance at and participation in such proceedings by those not otherwise authorized by standardized policy of the department might jeopardize any disciplinary action recommended and subject the city to legal action.[16]
Therefore, in the situation you have presented, it is my opinion that individuals participating in the investigation may share information regarding the investigation. However, these participants are prohibited by section 112.533(4), Florida Statutes, from discussing the case with the public or with others within the agency who are not involved in the investigation. The complaint filed against the law enforcement officer and all information obtained during the course of the investigation becomes a public record at such time as the investigation becomes inactive or upon a determination by the agency head that the investigation is concluded with a finding whether or not to proceed with disciplinary action or to file charges. Prior to that time those persons within the law enforcement agency with knowledge of the investigation are bound by the provisions of section 112.533(4), Florida Statutes, as amended, and must maintain the confidentiality of this information.
Sincerely,
Charlie Crist Attorney General
[1] Sections 112.531 through 112.534, Fla. Stat.
[2] See, e.g., Mesa v. Rodriguez, 357 So.2d 711 (Fla. 1978);Ragucci v. City of Plantation, 407 So.2d 932 (Fla. 4th DCA 1981).
[3] See s. 112.532, Fla. Stat., which provides that "[a]ll law enforcement officers and correctional officers employed by or appointed to a law enforcement agency or a correctional agency shall have the following rights and privileges. . . ." And see,
s. 112.531(1) and (2), Fla. Stat., respectively, defining "[l]aw enforcement officer" and "[c]orrectional officer."
[4] 42 Fla. Supp. 53, 57 (17th Cir. Broward Co., 1975),affirmed, 331 So.2d 397 (Fla. 4th DCA 1976), cert. denied,341 So.2d 1080 (Fla. 1976).
[5] Cf., Ops. Att'y Gen. Fla. 86-26 (1986) and 97-62 (1997).
[6] See Ops. Att'y Gen. Fla. 86-91 (1986) and 75-41 (1975).
[7] Section 112.532(2), Fla. Stat.
[8] Section 112.532(3), Fla. Stat.
[9] Section 112.532(4), Fla. Stat.
[10] Section 112.532(5), Fla. Stat.
[11] See Op. Att'y Gen. Fla. 93-61 (1993).
[12] Section 112.533(2)(a), Fla. Stat.
[13] Subsection (4) was numbered subsection (3) at the time this opinion was issued.
[14] City of Riviera Beach v. Barfield, 642 So.2d 1135, 1136
(Fla. 4th DCA 1994), review denied, 651 So.2d 1192 (Fla. 1995).
[15] Informal Opinion to John Dellagloria dated July 2, 1997.
[16] And see, Op. Att'y Gen. Fla. 97-62 (1997) concluding that "[t]he process for reviewing complaints against law enforcement officers established in Part VI, Chapter 112, Florida Statutes, makes no provision for public involvement until such time as the enforcement agency employing the officer concludes its investigation with a finding either to take no disciplinary action or bring no charges, or to take disciplinary action or bring charges."