PER CURIAM.
Elizabeth Anon filed a Petition for Review of Non-Final Agency Action and Alternatively, for a Writ of Prohibition. We treat the petition as an appeal from a final order denying Anon’s request for a formal hearing pursuant to section 120.57, Florida Statutes (2003), and a petition for certiora-ri on the grounds that Anon’s due process rights are being violated. We affirm the final order and deny certiorari.
Anon was employed as an attorney by the Florida Department of Health and Rehabilitative Services, and later by its successor, the Department of Children and Families (“the agency”), from 1989 until October 2, 2003. On October 3, 2003, Anon was terminated in accordance with section 110.604, Florida Statutes (2003). Anon contends that following her termination, the agency began making a series of pubhc statements that accused her of violating court orders and disparaged her professional ability and integrity. By letter dated October 9, 2003, Anon demanded a name-clearing hearing. On November 12, 2003, the agency granted that request and issued an order of assignment to an agency deputy district administrator to act as the agency representative in conducting this proceeding.
On November 14, 2003, Anon filed a petition for formal hearing under § 120.57 of the Administrative Procedure Act. Anon specifically alleged in her petition that by publicly stigmatizing her in connection with her dismissal, the agency deprived her of her constitutionally-protected liberty interest in her reputation.* Anon’s petition described the media’s broadcast of the statements against her and alleged that these statements were placed in her personnel file. Also placed in her personnel file were a recommendation that Anon not be considered for re-employment and the statement that she was being dismissed while under investigation or pending discipline. The petition asserted that as a result of the adverse agency action, Anon was unable to secure employment as an attorney.
Counsel for Anon and the agency clerk exchanged correspondence, in which they debated the form the name clearing hearing should take. On December 8, 2003, the hearing officer entered a scheduling order stating in part:
You will be permitted to submit relevant information, orally, or in writing, or both, including witness statements, in the form of affidavits or in person. All witnesses must voluntarily agree to testify or give a written statement without subpoena. This hearing officer has not been authorized to issue witness subpoenas. There will be no discovery obligations from the Department other than public records as requested pursuant to Chapter 119, Florida Statutes.
Anon responded with a motion for referral to the Department of Administrative Hearings for a Chapter 120 hearing or, in the alternative, for compulsory process. That motion was denied. Anon filed a Petition for Review of Non-Final Agency Action *611 and Alternatively, for a Writ of Prohibition. We treat the petition as an appeal from a final order denying Anon’s petition for a Chapter 120 hearing and a petition for certiorari to review the agency’s procedure for a name-clearing hearing. For the following reasons, we affirm the order denying a Chapter 120 hearing and deny the petition for certiorari.
Section 110.604, Florida Statutes (2003), provides:
Employees in the Selected Exempt Service shall serve at the pleasure of the agency head and shall be subject to suspension, dismissal, reduction in pay, demotion, transfer, or other personnel action at the discretion of the agency head. Such persons are exempt from the provisions of[C]hapter 120.
(Emphasis added). It is undisputed that Anon was a selected exempt employee. However, Anon claims that section 110.604 no longer applies to her because she is not currently an employee, nor was she an employee when the agency began making public statements about her termination. Following this line of thinking would lead to the anomalous result that an employee who claims that an agency made derogatory public statements after he or she had been suspended, demoted, transferred, or suffered a reduction in pay would remain exempt from the provisions of Chapter 120, while an employee who had been dismissed would not. Nothing in the language of section 110.604 supports such a distinction. Therefore, the order denying Anon’s motion for referral to the Department of Administrative Hearings for a Chapter 120 hearing is affirmed.
We deny without opinion the petition for certiorari to review the agency’s procedure for a name-clearing hearing. This denial is without prejudice to Anon from- raising this issue on appeal after that process has been completed.

 See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1038(11th Cir.1989)(the placing of stigmatizing information in a public employee’s file or an internal affairs report that is available for public inspection implicates employee's "liberty interests.”). See also Garcia v. Walder Electronics, Inc., 563 So.2d 723, 725 (Fla. 3d DCA 1990)(ordering that claimant be afforded a name-clearing hearing based upon allegations of unlawful deprivation of "liberty interest”).